_____
Honorable Gregg W. Zive
United States Bankruptcy Judge

Entered on Docket
June 22, 2015

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEVADA

In re:                                                        Case No. 13-51237    GWZ

PAUL A. MORABITO, an individual,                              Chapter 7

　　　　　Debtor.
_____/

**Order Regarding Motion for In Camera Review**

　　　The Court, having read and considered Lippes Mathias Wexler Friedman, LLP's Ex Parte Motion to Submit Documents for In Camera Review (Dkt. #363), the Declarations filed in Support thereof (Dkt. #364, 365), the redacted and unredacted materials that were the subject of the Motion, the Opposition filed by the Herbst parties (Dkt. #369) and Joinder therein filed by the Trustee (Dkt. #370), and being fully advised in the premises, the Court finds as follows:

　　　The caption of the Motion appears to only identify a portion of the relief sought by Movant. Not only does the Movant seek the Court's in camera review of the unredacted Client Trust Account Ledger, but also asks the Court to determine whether it should be produced to the Herbst parties.

　　　As noted, the Court has in fact conducted an in camera review and analyzed all of the redacted entries. It did not appear possible to the Court to determine whether the unredacted

materials should be sealed without studying the materials.  Therefore, the Court GRANTS the Ex Parte Motion to Submit Documents for In Camera Review.

      The Court DENIES any further relief and orders that the unredacted Client Trust Ledger be produced to the Herbst parties forthwith.  The redacted entries do not satisfy any of the requirements of either 11 U.S.C § 107 or Fed. Rule Bankr. Proc. 9018.  They do not constitute a trade secret or confidential research, development, or commercial information, and are not intended to protect any person with respect to scandalous or defamatory matter.  The request to preclude production made by the Movant does not overcome the presumption of public access by way of the narrow statutory exceptions found in § 107.  The redacted material is either relevant or could lead to the discovery of relevant evidence and Movant failed to satisfy its high burden of demonstrating extraordinary cause or a compelling need.

      In conclusion, this Court did perform an in camera review of the materials and IT IS HEREBY ORDERED that the unredacted Trust Ledger for USHFCC be produced to the Herbst parties.

-3-