Janet L. Chubb (Nevada Bar #176)
KAEMPFER CROWELL
50 W. Liberty Street, Suite 700
Reno, Nevada 89501
Telephone:    775.852.3900
Facsimile:    775.327.2011
Email: jchubb@kcnvlaw.com

Pamela Gale Johnson (Texas Bar #10777700)
BAKER HOSTETLER
811 Main Street, Suite 1100
Houston, Texas 77002-6111
Telephone:    713.646.1324
Facsimile:    713.751.1717
Email: pjohnson@bakerlaw.com
(Admitted *Pro Hac Vice*)

Joseph Esmont (Ohio Bar #0084322)
BAKER HOSTETLER
1900 E. 9th Street, Suite 3200
Cleveland, Ohio 44114-3482
Telephone:    216.861.7835
Facsimile:    216.696.0740
Email: jesmont@bakerlaw.com
(Admitted *Pro Hac Vice*)

*ELECTRONICALLY FILED*
*February 3, 2016*

*Attorneys for VIRSENET, LLC*

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In re:<br><br>PAUL ANTHONY MORABITO,<br><br>Debtor. | Case No.: BK-N-13-51237-gwz<br>Chapter 7<br><br>**VIRSENET, LLC's MOTION FOR A PROTECTIVE ORDER**<br><br>(OST Request Pending) |

Virsenet, LLC ("Virsenet"), a defendant in the adversary proceeding captioned *Leonard, Jr. v. Morabito, et al.,* Adv. Proc. No. 15-05046-gwz (the "Adversary Proceeding"), hereby moves for a protective order prohibiting Jerry Herbst, JH, Inc., and Berry-Hinckley Industries (collectively "Herbst") from taking post-litigation Rule 2004 discovery on matters directly relating to the pending Adversary Proceeding.

I.      **INTRODUCTION**

1.      Virsenet moves for a limited protective order prohibiting Herbst from obtaining Rule 2004 discovery on matters directly relating to the pending Virsenet adversary proceeding. William Leonard, Jr., the Trustee herein, filed the Adversary Proceeding on October 15, 2015, to recover an interest in Virsenet allegedly wrongfully transferred by Paul Morabito, the Debtor herein. After the

filing of the Virsenet adversary, Herbst served a Rule 2004 request upon Stanton Bernstein, the Debtor's accountant, that specifically demanded "all Documents related to" Virsenet and other adversary defendants, specifically to include documents which bear upon facts alleged in the Trustee's adversary complaint.

2. It is critical to note that unlike most cases, here Herbst shares a unique identity of interest with the Trustee. Herbst is effectively the only beneficiary of this bankruptcy case. Herbst unilaterally selected the Trustee. Herbst issued the Rule 2004 subpoena through counsel who represents both Herbst and the Trustee. Herbst has entered an appearance in the Adversary Proceeding. Finally, Herbst has identified the Adversary Proceeding as "the golden goose . . . where we believe the value is[.]" Moreover, Herbst cannot challenge the alleged transfers identified in the Adversary Proceeding separate from the Trustee. Under those circumstances, the primary beneficiary of Rule 2004 discovery regarding the Adversary Proceeding could only be the Trustee.

3. When an adversary proceeding has been filed, the adversary discovery rules supplant Rule 2004 to ensure that adversary defendants are not placed at a discovery disadvantage and to prevent duplicative proceedings. This preemption of Rule 2004 applies with equal force to Herbst seeking discovery on the Trustee's claims. Allowing Herbst to conduct Rule 2004 discovery into a pending Adversary Proceeding would give the Trustee the unfair litigation advantage which courts uniformly reject. Discovery has not yet opened in the Adversary Proceeding, so the Trustee would benefit from broad Rule 2004 examinations while the defendants do not even have the more limited discovery rights available under the Federal Rules of Civil Procedure. While Virsenet is relatively confident that Rule 2004 examinations of witnesses would not be admissible against it, in the absence of a protective order, it would need to attend examinations that duplicate, or exceed the number of permissible depositions in, the Adversary Proceeding.

4. To be clear, Virsenet does not seek to prevent Herbst from conducting discovery into matters that only collaterally relate to the Adversary Proceeding, such as the Debtor's tax returns or transfers the Debtor made to entities that are not defendants in the Adversary Proceeding. But discovery against the adversary defendants (excluding the Debtor), or into transactions or occurrences pled in the Amended Complaint in the Adversary Proceeding (the "Amended

1  Complaint"), may be propounded only through the Adversary Proceeding. (Adv. Dkt. .# 65.)

## II. JURISDICTION

5.  The court has jurisdiction over this matter under 28 U.S.C. §§ 1334(a) and 28 U.S.C. 157(a) and (b). This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), as it relates to the administration of the estate.

## III. FACTUAL BACKGROUND

6.  On June 20, 2013, Herbst filed an involuntary petition against Paul Morabito, the Debtor herein. (Dkt. #1). Herbst was represented by the Gordon Silver law firm.

7.  On December 17, 2014, the Court entered an Order for Relief (Dkt. #162), which was amended on December 22, 2014 (Dkt. #168).

8.  On or about January 23, 2015, the United States Trustee filed a *Report of Undisputed Election* evidencing that Herbst, the sole creditor to attend the meeting of creditors, elected William Leonard to replace Christina Lovato as Trustee. (Dkt. #220).

9.  On April 1, 2015, the Trustee herein filed an Application for Order Authorizing the Employment of Gordon Silver as Special Litigation Counsel, which disclosed that the Gordon Silver represented Herbst (Dkt. #280). An order approving the application was entered granted on May 5, 2015. (Dkt. #321).

10.  Subsequently, counsel representing Herbst and the Trustee at the Gordon Silver firm moved to a new firm, Garman Turner Gordon. On June 10, 2015, the Trustee filed an Application to retain Garman Turner Gordon (Dkt. #359). The Application disclosed that the Garman Turner Gordon firm represented Herbst as a creditor. An order approving the application was entered on July 29, 2015. (Dkt. #386).

11.  On January 9, 2015, Herbst filed an Ex Parte Application for Examination of Stanton Bernstein Pursuant to Bankruptcy Rule 2004 (Dkt. #195). The application sought to examine Stanton Bernstein, the Debtor's accountant. On January 12, 2015, the Clerk of the Court entered an Order authorizing the application. Virsenet was not provided with notice of the application or the order.

12.  On October 15, 2015, the Trustee filed a complaint in the Adversary Proceeding (Adv. Dkt. 1).

13. On November 9, 2015, Herbst filed a Notice of Appearance in the Adversary Proceeding (Adv. Dkt. #13).

14. On November 10, 2015, nearly a year after Herbst filed the Ex Parte Application for Examination of Stanton Bernstein, Herbst, through the Garman Turner Gordon firm, filed a Notice of Subpoena and Rule 2004 Examination (Dkt. #447). Attached to the Notice as Exhibit A was a subpoena to Stanton Bernstein (the "Bernstein Subpoena"). Virsenet did not receive notice of the Bernstein Subpoena. The Bernstein Subpoena requires Bernstein to produce information directly at issue in the Adversary Proceeding related to unnoticed parties, including Virsenet.

15. On January 1, 2015, Herbst filed an Amended Notice of Bankruptcy Rule 2004 Examination (Dkt. #475) setting an examination of Mr. Bernstein on February 9, 2016 at 10:00 a.m. in Los Angeles, California. Virsenet was not served with notice of this document.

16. Virsenet's counsel learned of Mr. Bernstein's Subpoena on or about January 23, 2016.

17. Undersigned counsel has attempted to resolve this issue by limiting the scope of Mr. Bernstein's examination and production of documents and is optimistic that a stipulation may be reached prior to any hearing on this motion. In that event, the Court will be notified immediately.

## IV. LAW AND ARGUMENT

### A. The Adversary Discovery Rules Limit Rule 2004 Examinations

18. Although the scope of Rule 2004 examinations is broad, examinations under Rule 2004 are subject to a protective order under Federal Rules of Civil Procedure 26 and 45. See *In re Symington*, 209 B.R. 678 (Bankr. D. Md. 1997). "[I]f an adversary proceeding or contested matter is pending, the discovery devices provided for in Rules 7026-7037, which adopt various discovery provisions of the Federal Rules of Civil Procedure, apply and Rule 2004 should not be used." 9 *Collier on Bankruptcy* ¶ 2004.01. See also *In re Dinubilo*, 177 B.R. 932, 941 (E.D. Cal. 1993) ("'If a contested matter or adversary proceeding is pending, Rule 2004 should not be used'"), quoting *In re French*, 145 B.R. 991, 992 (Bankr. D.S.D. 1992). "Discovery of evidence related to the pending proceeding must be accomplished in accord with more restrictive provisions of" the adversary rules. *In re Bennett Funding Grp., Inc.*, 203 B.R. 24, 29 (Bankr. N.D.N.Y. 1996). Accord *Dinubilo*, 177 B.R. 932, 940 (E.D. Cal. 1993) (Rule 2004 is a "prelitigation device").

19. "[C]ourts are wary of attempts to utilize" Rule 2004 to circumvent the adversary discovery rules, deliberately or not. *Bennett Funding Grp.* at 28, citing *In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990) and *Intercontinental Enterprises, Inc. v. Keller* (*In re Blinder, Robinson & Co., Inc.*), 127 B.R. 267, 274 (D. Col. 1991). Accordingly, if the Trustee has filed an adversary complaint, creditors are subject to the same limitations on the use of Rule 2004 unless the creditor "and the trustee have separate interests and the claimants' representative is not a party to the adversary proceedings filed by the trustee[.]" *In re Buick*, 174 B.R. 299, 305 (Bankr. D. Colo. 1994), citing *Musselman v. Home Insurance Company of Indiana* (*In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson & Casey*), Case No. 90-CV-2747 (JMC), 1990 WL 123840 (S.D.N.Y. 1990).

20. Even if a creditor meets the *Buick* criteria, its examination must "involve only issues which are not directly or specifically part of the Trustee's pending adversary[;]" courts will be "reticent to open the door to Rule 2004 examinations which might be . . . duplicative of existing discovery needs and activities of . . . the Trustee" or which usurp the Trustee's claims. *Id*. at 305-306 (permitting creditor to examine adversary defendant only on issues "beyond the scope of . . . the trustee's pending adversary proceeding(s).")  See also *Bennett Funding Grp.* at 29 (relying upon *Buick* and stating that "a trustee, like a creditor, must look to Fed.R.Bankr.P. 7026 *et seq*. after an adversary proceeding is commenced for discovery as to both entities affected by the proceeding and issues addressed in the proceeding."); *In re Szadkowski*, 198 B.R. 140, 142 (Bankr. D. Md. 1996) ("once an adversary proceeding or contested matter has been commenced, the discovery of matters related to that adversary proceeding or contested matter must proceed in accordance with the discovery provisions of the Federal Rules of Civil Procedure.")

**B.  Herbst And the Trustee Do Not Have Separate Interests**

21. Under the *Buick* test, Rule 2004 discovery by a creditor is inappropriate where the creditor does not have a "separate interest" from the Trustee. Herbst cannot issue Rule 2004 subpoenas to the adversary defendants or upon other parties to discover information relevant to the Adversary Proceeding because its interest in the Adversary Proceeding is identical with that of the Trustee.

5

22. It is difficult to imagine a situation in which the interest of a creditor and the Trustee in an adversary proceeding are more aligned. Herbst is effectively the only beneficiary of this bankruptcy case, as its $77,000,000 proof of claim is more than 99.5% of the timely filed proofs of claim on this Court's claims register. (Claim No. 2). Herbst unilaterally selected the Trustee: at the meeting of creditors, no creditors appeared other than Herbst; Herbst moved for the election to replace the interim Trustee, Christina Lovato; and Herbst "cast the sole ballot in the election . . . for nominee William A. Leonard, Jr." (Dkt. 220). The Rule 2004 subpoena to Mr. Bernstein was served by counsel Herbst shares with the Trustee, the firm of Garman Turner Gordon. (Dkt. No. 332 at p. 6). Herbst entered an appearance in the Adversary Proceeding and has identified USHFCC, LLC ("USHF") – a defendant in the Adversary Proceeding in which Virsenet owns a significant interest – as "the golden goose, or the golden egg in this case. That's where we believe the value is[.]" Tr. of December 22, 2015 Hearing at 30-31 (attached as **Exhibit A**).[1] Moreover, the claims to recover any interest in Virsenet belong to the estate; Herbst cannot bring a separate cause of action to recover the Virsenet interest. Accordingly, the Trustee and Herbst have inseparable interests in pursuing the Adversary Proceeding.

23. This unity of interests is made plain by the fact that the Bernstein subpoena demands tremendous amounts of information directly aimed at the Adversary Proceeding and its non-debtor defendants. The Amended Complaint alleges that the Debtor owned an interest in Virsenet (the "Virsenet Interest"), fraudulently conveyed the Virsenet Interest to Mr. Bayuk or the Meadow Farms Irrevocable Trust (the "Meadow Farms Trust"), and retained at least the equitable title in the Virsenet Interest. The Amended Complaint also alleges that the Virsenet Interest was of great value because Virsenet is the part-owner of USHF, which is the part-owner of a valuable company called Shipcom, LLC. Amended Complaint at pp. 20, 26-28.[2] The Amended Complaint also alleges that Virsenet and USHF issued certain 1099s to the Debtor indicating that he received non-employee compensation,

---

[1] In other words, if the estate were to recover an ownership interest in Virsenet from one of the adversary defendants, Virsenet's ownership of USHFCC would provide the value.

[2] Page numbers are based upon the numbering in the upper right hand corner of the document.

presumably to support the allegation that the Debtor retained equitable title to the interest in Virsenet. Amended Complaint at p. 22.

24. In the Bernstein Subpoena, Herbst[3] demands "all documents" relating to: (i) three Adversary Proceeding defendants, Virsenet, USHF, and the Meadow Farms Trust, (ii) the Edward William Bayuk Living Trust (the "Bayuk Trust"), which is presumably related to a fourth Adversary Proceeding defendant, Edward Bayuk, (iii) Shipcom and certain related entities, and (iv) JJ/CD Capital, an investor in USHF, and certain related entities. *See* Dkt. 447, Ex. A, Request 5 ("Please produce any and all Documents related to any and all entities . . . including but not limited to, the Entities, from January 1, 2010 through the present[;]" "Entities" are defined to include Virsenet, USHF, the Meadow Farms Trust, the Bayuk Trust, ShipCom, LLC, ShipCom Nevada, LLC, JJ/CD Capital, LLC, CD Holding Co LLC, and Jacobs Holdings LLC).

25. The Bernstein Subpoena also specifically demands "all tax returns, tax filings, K-1s, 1099's, audited or unaudited financial statements" for all the above-referenced "Entities[,]" all "back up Documents Related to" 1099's sent by the Entities to the Debtor, and "any and all . . . agreements" between the Debtor and Mr. Bayuk related to the document requests. (Requests 8 – 10). In addition to requesting extensive financial information on the adversary defendants, the specific document requests thus also relate directly to issues pled in the Adversary Proceeding: the 1099s and agreements between the Debtor and Mr. Bayuk.

26. Since the Bernstein Subpoena completely overlaps the discovery the Trustee would want to pursue from the Debtor's accountant, it clearly runs afoul of the *Buick* rule. Accordingly, a protective order should be entered prohibiting Herbst from using Rule 2004 examinations or discovery requests to gather information directly relating to the Adversary Proceeding or the adversary defendants (other than Paul Morabito).

---

[3] In addition to these demands, which specifically reference the Adversary Proceeding or its defendants, Herbst also broadly sought "every Document related to the . . . transfer . . . of an ownership or beneficial interest in . . . an asset[.]"

7

**C.    The Discovery Requests Are Upon Issues Which Are Directly and Specifically Part of the Adversary Proceeding**

27.    A protective order should also be issued because the discovery requests in the Bernstein Subpoena bear upon issues which are directly and specifically part of the adversary proceeding. The *Buick* court held that even where the Trustee and a creditor do not share a common interest, the creditor's discovery under Rule 2004 into matters related to an adversary filed by the Trustee should be "beyond the scope" of the adversary and "involve only issues which are not directly or specifically part of the Trustee's pending adversary[.]" *Id*. at 305-306. *See also Bennett Funding Grp., Inc.*, 203 B.R. at 30 (barring further Rule 2004 inquiry into complex finances of an adversary defendant where it would "unavoidably and unintentionally create a back door" around the adversary discovery rules, citing *Buick*). This rule serves to protect adversary defendants, prevent duplicative discovery, and avoid usurpation of the Trustee's causes of action by individual creditors.

28.    Regardless of whether Herbst and the Trustee have a "separate interest" in issuing the subpoena to Mr. Bernstein, the examination clearly goes to issues which are directly and specifically part of the pending adversary. The subpoena requests "all documents" relating to three Adversary Proceeding defendants and entities whose primary (if not only) involvement in the estate is through the events alleged in the Adversary Proceeding, such as USHF, ShipCom, and JJ/CD Capital. The subpoena goes on to specifically demand extensive tax and financial information regarding those entities, including documents expressly pled in the Adversary Complaint and support for those documents, such as the 1099s.

29.    Accordingly, this Court should enter a protective order prohibiting Herbst from using Rule 2004 examinations or discovery requests to gather information directly relating to the Adversary Proceeding or the adversary defendants (other than Paul Morabito).

WHEREFORE, Virsenet hereby requests that the Court enter a protective order prohibiting Herbst from seeking Rule 2004 discovery (whether through document requests or questions at an

examination) on matters directly relating to the pending Virsenet adversary proceeding, including discovery against the adversary defendants (excluding the Debtor), or into transactions or occurrences pled in the Amended Complaint.

**DATED** on this 3rd day of February, 2016.

        KAEMPFER CROWELL

        By: _/s/ Janet L. Chubb_
        JANET L. CHUBB (Nevada Bar #176)

        Pamela Gale Johnson (Texas Bar #10777700)
        BAKER HOSTETLER
        811 Main Street, Suite 1100
        Houston, Texas 77002-6111

        Joseph Esmont (Ohio Bar #0084322)
        BAKER HOSTETLER
        PNC Center
        1900 E. 9th Street, Suite 3200
        Cleveland, Ohio 44114-3482

        Counsel to Defendant VIRSENET, LLC

# EXHIBIT A

```
                    UNITED STATES BANKRUPTCY COURT
                      DISTRICT OF NEVADA (RENO)


                                     .
IN RE:                               . Case No.  13-51237-gwz
                                     .
PAUL A. MORABITO,                    . Chapter 7
                                     .
               Debtor.               .
. . . . . . . . . . . . . . . . . . .
                                     .
WILLIAM A. LEONARD, JR.,             . Adv. No. 15-05046-gwz
Chapter 7 Trustee for the Estate     .
of Paul Anthony Morabito,            .
                                     .
               Plaintiffs,           .
                                     .
     v.                              .
                                     .
PAUL ANTHONY MORABITO, an            .
individual; MEADOW FARMS TRUST,      .
a Delaware Trust; EDWARD BAYUK,      .
an individual and grantor and        .
trustee of The Meadow Farms Trust;   .
VIRSENET, LLC, a Delaware            .
limited liability company;           .
USHF CELLULAR COMMUNICATIONS, LLC,   .
a Delaware limited liability         .
company; and LIPPES MATHIAS          . 300 Booth Street
WEXLER FRIEDMAN, LLP, a New York     . Reno, NV 89101
limited liability partnership,       .
                                     . Tuesday, December 22, 2015
               Defendants.           . 9:13 a.m.
. . . . . . . . . . . . . . . . . . .

  TRANSCRIPT OF MOTION FOR SCHEDULING CONFERENCE RELATING TO
  TRUSTEE'S MOTION FOR PRELIMINARY INJUNCTION (11 U.S.C. 105)
 FILED BY JOHN F. MURTHA ON BEHALF OF WILLIAM A. LEONARD, JR.;
   MOTION TO COMPEL RESPONSES TO DEPOSITION QUESTIONS FILED BY
    TERESA M. PILATOWICZ ON BEHALF OF WILLIAM A. LEONARD, JR.
                BEFORE THE HONORABLE GREGG W. ZIVE
                UNITED STATES BANKRUPTCY COURT JUDGE

APPEARANCES CONTINUED

Audio Operator:          David Lindersmith, ECR

Transcription Company:   Access Transcripts, LLC
                         10110 Youngwood Lane
                         Fishers, IN 46038
                         (855) 873-2223
                         www.accesstranscripts.com


Proceedings recorded by electronic sound recording,
transcript produced by transcription service.
```

APPEARANCES:

| | |
|---|---|
| For the Debtor: | Robison, Belaustegui Sharp and Low<br>By: FRANK C. GILMORE, ESQ.<br>71 Washington Street<br>Reno, NV 89503<br>(775) 329-3151 |
| | Hartman & Hartman<br>BY: JEFFREY L. HARTMAN, ESQ.<br>510 W. Plumb Lane, Suite B<br>Reno, NV 89509 |
| For Edward Bayuk<br>and Meadow Farms<br>Irrevocable Trust: | Walter & Wilhelm Law Group<br>By: HOLLY ESTES, ESQ.<br>205 E. River Park Circle, Suite 410<br>Fresno, CA 93720<br>(559) 435-9800 |
| For Virsenet, LLC: | Kaempfer Crowell<br>BY: JANET L. CHUBB, ESQ.<br>50 W. Liberty Street, Suite 700<br>Reno, NV 89501<br>(775) 398-4740 |
| For USHF Cellular<br>Communications. LLC: | Holland & Hart<br>BY: TIMOTHY A. LUKAS, ESQ.<br>5441 Kietzke Lane, Suite 200<br>Reno, NV 89511<br>(775) 327-3000 |
| For Berry-Hinkley<br>Industries, JH Inc.,<br>and Jerry Herbst: | Garman Turner Gordon<br>BY: GERALD M. GORDON, ESQ.<br>650 White Dr., Suite 100<br>Las Vegas, NV 89119<br>(725) 777-3000 |
| For Chapter 7 Trustee: | Woodburn & Wedge<br>BY: JOHN F. MURTHA, ESQ.<br>6100 Neil Road, Suite 500<br>Reno, NV 89511<br>(775) 688-3000 |

```
TELEPHONIC APPEARANCES:

For Virsenet, LLC:       BakerHostetler
                         BY:  JOSEPH M. ESMONT, ESQ.
                         1900 East 9th St., Suite 3200
                         Cleveland, OH 44114
                         (216) 621-0200

                         BakerHostetler
                         BY:  PAMELA G. JOHNSON, ESQ.
                         811 Main St., Suite 1100
                         Houston, TX 77002
                         (713) 751-1600
```

4

1      (Proceedings commence at 9:13 a.m.)
2              THE COURT:  In the Matter of Paul A. Morabito, the
3  first matter on the calendar is an adversary, 15-05046.
4              May I have appearances in that matter, please?
5              MR. GORDON:  Good morning.
6              MR. ESMONT:  Your Honor, Joseph --
7              THE COURT:  In the --
8              MR. ESMONT:  -- Esmont on behalf --
9              THE COURT:  Excuse me.  In the courtroom first,
10 please.  Thank you.
11             MR. GORDON:  Good morning, Your Honor.
12             MR. ESMONT:  Apologies.
13             MR. GORDON:  Gerald Gordon of Gordon Silver -- I'm
14 sorry, of Garman Turner Gordon; I keep on doing that -- on
15 behalf of the trustee, special counsel to the trustee, in the
16 adversary matter.
17             MR. GILMORE:  Good morning, Your Honor.  Frank
18 Gilmore and Jeff Hartman on behalf of the debtor.
19             MS. ESTES:  Good morning, Your Honor.  Holly Estes on
20 behalf of Edward Bayuk and the Meadows Farm Irrevocable Trust.
21             MS. CHUBB:  Good morning, Your Honor.  Janet Chubb
22 for Virsenet, LLC, and on the telephone are my co-counsel,
23 Pamela Johnson and Joseph Esmont.  His pro hac has been
24 granted; her application has been filed, but I don't know if
25 it's been granted yet.

1  the preservation of the privilege versus the interest of the
2  trustee.  The debtor is not a party to this.  We're not seeking
3  in this matter recovery from the debtor.  We're seeking
4  recovery from third parties who we believe received fraudulent
5  transfers.
6              THE COURT:  The transferees.
7              MR. GORDON:  Pardon me?
8              THE COURT:  The transferees.
9              MR. GORDON:  The transferees.  The interest to the
10 estate is to maximize the estate for the benefit of the
11 creditors, to provide -- and to carry out the burden and the
12 obligations of the trustee, and that is to maximize an estate.
13 We believe that the interests of the debtor are minor in this.
14 He did this transaction back in 2010.  He has nothing coming
15 back to him.  He has nothing that he has to give up.  As the
16 Court said, we said, he's not a defendant.  Therefore, I really
17 think the balancing of the -- balancing test is met.
18             THE COURT:  As to the objection filed by Mr. Lukas, I
19 believe you've addressed that in the reply and his concerns
20 have been --
21             MR. LUKAS:  It appears to be so, yes, Your Honor.
22             THE COURT:  Thank you.
23             MR. GORDON:  Yeah, we're --
24             THE COURT:  Yeah.  I --
25             MR. GORDON:  -- not focused on USHFCC.  In fact, to

1  be candid with the Court, we look at USHFCC as being the golden
2  goose, or the golden egg in this case.  That's where we believe
3  the value is as --
4        THE COURT:  The licenses and such.
5        MR. GORDON:  And where the trustee is going in the
6  adversary.
7        THE COURT:  Okay.
8        MR. GORDON:  We have no intent to have any impact
9  whatsoever on USHFCC.  We wish it well and we hope it thrives.
10       THE COURT:  Thank you.  Mr. Gilmore.
11       MR. GILMORE:  Thank you, Your Honor.  Your Honor, I
12 think the debtor has the right to rely on the request sought in
13 the motion.  What we have here is a motion that's very clear as
14 to what relief it seeks, and then we have an about-face by
15 counsel at the table.
16       The motion says we are seeking -- the trustee is
17 seeking an order directing Dennis Vacco to respond to
18 categories of questions asked in a deposition, paren, in the
19 state court, for which Vacco was instructed not to respond by
20 counsel for the debtor.  That's what the motion seeks, and that
21 is what the debtor responded to.
22       The Court is absolutely correct.  In the deposition
23 transcript, I was very clear.  I said to Ms. Pilatowicz, don't
24 direct those arguments at Mr. Vacco.  It's not his privilege.
25 He doesn't have a dog in this fight.  If Mr. Morabito wishes to

45

**C E R T I F I C A T I O N**

I, Ilene Watson, court-approved transcriber, hereby certify that the foregoing is a correct transcript from the official electronic sound recording of the proceedings in the above-entitled matter.

_____

ILENE WATSON, AAERT NO. 447    DATE:  December 28, 2015

ACCESS TRANSCRIPTS, LLC

