1

2

3

_____
Honorable Gregg W. Zive
United States Bankruptcy Judge

4

Entered on Docket
April 25, 2016

5

6

7   JOHN MURTHA, ESQ
    NEVADA BAR 0835

8   WOODBURN AND WEDGE
    Sierra Plaza

9   6100 Neil Road, Ste. 500
    Post Office Box 2311

10  Reno, Nevada  89505
    Telephone:  775-688-3000

11  Facsimile  :  775-688-3088

12  jmurtha@woodburnandwedge.com
    sjadams@woodburnandwedge.com

13

14  Attorneys for Trustee
    William A. Leonard, Jr.

15

16              UNITED STATES BANKRUPTCY COURT

17                   DISTRICT OF NEVADA

18                         * * *

19  In re:                         Case No.  BK-13-51237-GWZ

20                                 Chapter   7

21  PAUL A. MORABITO                **ORDER GRANTING TRUSTEE'S
                                    MOTION TO COMPEL ATTORNEYS
        Debtor.                     TO TURN OVER OR DISCLOSE
22                                  RECORDED INFORMATION TO
                                    THE TRUSTEE (11 U.S.C. § 542(e))**
23

24                                  Hearing Date:  04/05/2016

25  _____/     Hearing Time:  2:00 p.m.

26

27          This matter came before the Court on the 5ᵗʰ day of April, 2016, on the Trustee's

28  Motion to Compel Attorneys to Turn Over or Disclose Recorded Information to the

WOODBURN AND WEDGE
6100 Neil Road, Ste. 500
Reno, Nevada 89511
Tel: (775) 688-3000

-1-

1  Trustee (11 U.S.C. § 542(e)) filed on February 3, 2016 (Docket No. 509) (the "Motion");

2  the following oppositions to the Motion were filed:

3      1.    Objections to (1) Trustee's Motion to Turnover or Disclose
4              Recorded Information (Lippes) and (2) Trustee's Motion to
            Turnover Recorded Information (Robison) filed by Edward Bayuk
5              ("Bayuk") and The Jackson Hole Trust Company, as Trustee of The
            Meadow Farms Irrevocable Trust ("Jackson Hole") March 23, 2016
6              (Docket No. 578) (the "Bayuk Opposition"); and

7      2.    Virsenet, LLC's Opposition to the Trustee's Motions to Compel
8              Attorneys to Turn Over or Disclose Recorded Information to the
            Trustee (11 U.S.C. § 542(e)) (ECF Nos. 509, 510) filed by Virsenet,
9              LLC ("Virsenet") on March 24, 2016 (Docket No. 582) (the "Virsenet
            Opposition");
10

11  collectively the "Oppositions"; the Trustee filed an Omnibus Reply In Support of Motions

12  to Compel on March 29, 2016 (Docket No. 587) (the "Reply"); it appearing from the

13  record that notice of the hearing on the Motion has been given as required by law;

14  appearances were made at the hearing as reflected on the record thereof; the Court

15  having considered the Motion and the exhibit attached thereto, the Oppositions and the

16

17  Reply as well as the presentations and arguments of counsel made at the hearing; the

18  Court finds and concludes that:

19      1.    Although the Oppositions advance arguments in relation to a companion

20  motion filed by the Trustee (Docket No. 510), this Order addresses only the Motion

21  (Docket No. 509).

22      2.    An involuntary petition commencing this case was filed on June 20, 2013

23  (the "Petition Date").

24      3.    Pursuant to the Motion, the Trustee sought an order directing Lippes

25  Mathias Wexler Friedman, LLP, a Buffalo, NY, based law firm ("Lippes"), to turn over all

26  of its client files relating to its representation of the Debtor prior to the Petition Date in

27  connection with any of the following persons or entities under the authority of 11 U.S.C.

28  § 542(e):

VTS Communications, LLC                Virsenet, LLC

**(Collectively referred to herein as the "Virsenet Files")**

Edward Bayuk                           The Meadow Farms Irrevocable Trust

Page Top, LLC                          USHF Cellular Communications

Shipcom, LLC                           Robert S. Block

The Robert S. Block Family Trust       Rene Steigler III

Tim McEvoy                             Raymond Whiteman

Jacobs Holdings, LLC                   CD Holding Co., LLC

JJ/CD Capital, LLC                     Bank of America, N.A.

The Sefton Trust                       Sefton Trustees

The Arcadia Living Trust               Salvatore Morabito

**(Collectively referred to herein as the "Lippes Files")**

4.      Neither the Debtor nor Lippes opposed the Motion.

5.      Bayuk, Jackson Hole and Virsenet were the only parties in interest that opposed the Motion.

6.      No party in interest, including, but not limited to, the Debtor, Lippes, Bayuk, Jackson Hole and Virsenet filed a privilege log in which they identified documents in the Virsenet Files or the Lippes Files that could be subject to a claim of privilege.

7.      11 USC § 542(e) provides that:

Subject to any applicable privilege, after notice and a hearing, the court may order an attorney, accountant, or other person that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs, to turn over or disclose such recorded information to the trustee.

8.      The Virsenet Files and the Lippes Files are property of the Debtor's estate under the authority of 11 U.S.C. § 541.

9.    A person or entity that holds recorded information, including books, documents, records, and papers, relating to the debtor's property or financial affairs subject to turnover under the provisions of 11 U.S.C. § 542(e) may claim a  privilege, but any files or documents that are not subject to a claim of privilege must be turned over to a trustee upon demand.

10.    To the extent any recorded information, books, documents, records and papers in the Virsenet Files or the Lippes Files are not subject to a claim of privilege, they must be turned over to the Trustee.

11.    The Debtor is the only person that has standing to claim his individual attorney-client privilege with Lippes in relation to the Virsenet Files and the Lippes Files. The Debtor did not oppose the Motion.  Accordingly, to the extent any of the recorded information, books, documents, records and papers in the Virsenet Files and the Lippes Files could have been protected by an individual claim of attorney-client privilege between the Debtor and Lippes, the claim is waived.  The Debtor cannot waive a privilege belonging to any other person or entity.

12.    To the extent any recorded information, books, documents, records and papers in the Virsenet Files and the Lippes Files may have been subject to an individual claim of attorney-client privilege between the Debtor and Lippes, they must be turned over to the Trustee.

13.    In the Motion, the Trustee argued the attorney-client privilege between the Debtor and Lippes never attached because of the crime-fraud exception to the attorney-client privilege.

14.    The Court is not making any findings or conclusions as to whether the crime-fraud exception applies to any communications between Lippes and Virsenet, Bayuk or Jackson Hole.

15.    The Oppositions argued that any communications among the Debtor, Virsenet, Bayuk, Jackson Hole and Lippes are protected by the joint defense privilege or the common interest privilege (the "Common Interest Privilege").

16.     No person or entity other than Virsenet, Bayuk or Jackson Hole has asserted a claim of a Common Interest Privilege in this case relating to Lippes' pre-petition representation of the Debtor.

17.     To be eligible for protection under a Common Interest Privilege, the communications sought to be protected must be shared with the attorney for the community and all members of a community must share a common legal interest in the shared communication. *In re Teleglobe Communications Corporation*, 493 F. 3d 345, 364 (3rd Cir. 2007).

18.     A wide variety of circumstances are relevant to the determination of whether two or more parties intend to create a joint-client relationship, but the keys to deciding the scope of a joint representation are the parties' intentions and expectations. *Id.* at 363 (citing *Sky Valley Ltd. P'ship v. ATX Sky Valley Ltd.*, 150 F.R.D. 648, 652-53 (N.D. Cal. 1993)).

19.     Because no party provided the Court with a privilege log for any communications that may be reflected in the Virsenet Files or the Lippes Files, it is not possible for this Court to determine, at this time, whether a Common Interest Privilege exists among the Debtor, Virsenet, Bayuk, Jackson Hole and Lippes.

20.     Even if a Common Interest Privilege may exist, "the great caveat of the joint-client privilege is that it only protects communications from compelled disclosure to parties outside the joint representation. When former co-clients sue one another, the default rule is that all communications made in the course of the joint representation are discoverable." *In re Teleglobe Communications Corporation*, 493 F.3d 345, 366 (3rd Cir. 2007). Thus, when parties formerly under a joint-client privilege become adverse, the privilege no longer applies to any of their communications. *In re Hotels Nevada, LLC* at 571-572 (quoting *Teleglobe USA Inc. v. BCE, Inc. (In re Teleglobe Comm'ns Corp.)*, 493 F.3d 345, 366 (3d Cir. 2007). Except as provided herein the Court is not making any findings regarding claims of common interest privilege.

21.    At this time the Trustee is not adverse to Virsenet.

22.    Because the Trustee is not adverse to Virsenet and Virsenet has the right to claim any applicable privilege in relation to its communications with Lippes subject to the Court's *in camera* review, Virsenet should be given an opportunity to review the Virsenet Files for privileged materials before they are delivered to the Trustee.

23.    The Trustee is adverse to Bayuk and Jackson Hole.

24.    By reason of the adversity as between the Trustee and Bayuk and the Trustee and Jackson Hole, any Common Interest Privilege that may have protected the communications among Lippes, the Debtor, Bayuk and Jackson Hole are discoverable by the Trustee who has stepped into the shoes of the Debtor.

25.    The contents of legal files created during the course of a joint representation belong jointly to the clients with each having an undivided ownership interest in them. *In re Kaleidoscope, Inc.*, 15 B. R. 232, 244 (Bk. Ct. N. D. Ga., 1981).

26.    In addition the findings and conclusions set forth above, the Court incorporates such additional findings and conclusions that were set forth on the record of the hearing in accordance with the provisions of FRCP 52 incorporated by FRBP 7052 and 9014(c) the same as if they were set forth in their entirety herein.

Now, therefore, good cause appearing,

IT IS HEREBY ORDERED that:

A.    The Motion is GRANTED as provided herein.

B.    Within fourteen (14) days following the Trustee's service of this Order upon Lippes, it shall deliver the originals of all of the Lippes Files to the Trustee's counsel at the following address:

John F. Murtha, Esq.
Woodburn and Wedge
6100 Neil Road, Suite 500
Reno, Nevada  89511

If Lippes desires to make copies of the Lippes Files before delivering them to the Trustee, it may do so at its expense.

C.    The Trustee shall advise Virsenet's counsel of the time and manner of service of this Order upon Lippes. Within twenty-eight (28) days following the Trustee's service of this Order upon Lippes, Virsenet may either make arrangements to review the Virsenet Files or make copies of them, at Virsenet's expense, so that it may identify any documents in the Virsenet Files that it believes are subject to its attorney-client privilege with Lippes.

D.    If Virsenet believes any doucments in the Virsenet Files are protected by its attorney-client privilege with Lippes, it shall, within the twenty-eight (28) day period set forth in Paragraph C, above, prepare a privilege log that shall identify:

1.    The attorney(s) and client(s) involved in the claimed privileged communication;

2.    The nature of the document claimed to contain privileged information;

3.    All persons or entities shown on the document to have received or sent the document;

4.    All persons or entities known to have been furnished the documents or informed of its substance;

5.    The subject matter of the claimed privileged communication;

6.    The date the document was generated, prepared or dated; and

7.    Any other information Virsenet wishes to include in the privilege log that it believes may be helpful in establishing its privilege claims.

E.    At the conclusion of Virsenet's 28 day review period, it shall file its privilege log with the Court and serve it upon Lippes, the Trustee, the Debtor, Bayuk and Jackson Hole.

F.    As soon as Lippes receives the privilege log from Virsenet, it shall deliver the originals of all of the recorded information, books, documents, records and papers in the Virsenet Files that are not listed in Virsenet's privilege log to the Trustee's counsel

at the address indicated in Paragaph A, above.  If Lippes desires to make copies of the non-privileged documents in the Virsenet Files it may do so at its expense.

G.      Within fourteen (14) days following the filing and service of the Virsenet privilege log, any party in interest may file a statement with the Court indicating whether any of the documents listed on the privilege log should or should not be declared to be privileged with specific reasons supporting their position.

H.      The Court, after reviewing the Virsenet privilege log and any objections thereto, may direct Virsenet to file any of the claimed privileged documents with the Court, under seal, for an *in camera* inspection.

I.      Regardless of whether the Court orders Virsenet to file any documents under seal or not, the Court shall enter an order listing all documents in the privilege log that may be withheld from delivery to the Trustee on the ground that they are privileged and all documents that must be delivered to the Trustee notwithstanding Virsenet's claim of privilege.

J.      Within seven (7) days after the Trustee's service of the Court's order identifying which documents in the Virsenet Files are protected by Virsenet's attorney-client privilege upon Lippes, Lippes shall deliver all of the original documents in the Virsenet Files found by the Court not to be protected by an attorney-client privilege to the Trustee's counsel at the address listed in Paragraph A, above.  Lippes may, at its expense, make copies of the documents prior to delivery to the Trustee's counsel.

/ / /

/ / /

/ / /

1    K.    Should a document be inadvertently produced by any party that has a

2    privilege for any reason it shall be returned to the party that inadvertently produced it

3    and will not be used by the Trustee or any other party for any reason in the litigation.

4

5
     Prepared by:
6

7    WOODBURN AND WEDGE
     John F. Murtha, Esq.,
8    Attorneys for the Trustee
     William A. Leonard, Jr.
9

10       Approved/Disapproved this  19th  day of April, 2016.

11                              ROBISON, BELAUSTEGUI, SHARP & LOW

12

13                              By   /s/ Frank C. Gilmore, Esq.
                                     Frank C. Gilmore, Esq.
14                                   Attorneys for Debtor

15

16       Approved/Disapproved this  19th  day of April, 2016.

17                              WALTER WILHELM BAUER

18

19                              By  /s/ Holly E. Estes, Esq.
                                     Holly E. Estes, Esq.
20                                   Attorneys for Edward Bayuk and
                                     The Jackson Hole Trust Company
21

22

23       Approved/Disapproved this  19th  day of April, 2016.

24                              KAEMPFER CROWELL

25

26                              By    /s/ Janet L. Chubb, Esq.
                                     Janet L. Chubb, Esq.
27                                   Attorneys for Virsenet, LLC

28

1

2

### ALTERNATIVE METHOD RE: RULE 9021

3    In accordance with Local Rule 9021, counsel submitting this document certifies as follows: (check one):

4

5          _____ The Court waived the requirements of approval under LR 9021.

6          ___X___ This is a chapter 7 or 13 case, and either with the motion, or at the hearing, I have delivered a copy of the proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

7

8                    Counsel who approved the order:          Frank C. Gilmore, Esq.

9                                                             Robison Belaustegui Sharp & Low
                         Janet L. Chubb, Esq.                 71 Washington Street
10                       Kaempfer Crowell                     Reno, NV  89509
                         50 W. Liberty St. #700

11                       Reno, NV  89501                      Holly E. Estes, Esq.
                                                              Walter Wilhelm Bauer
12                                                            205 E. River Park Cir. #410
                                                              Fresno, CA  93720

13                    Counsel who disapproved the order:

14                    Counsel who did not respond:

15          _____ This is a chapter 9, 11 or 15 case, and I have delivered a copy of this proposed order to all counsel who appeared at the hearing, any unrepresented parties who appeared at the hearing, and each has approved or disapproved the order, or failed to respond, as indicated below:

16

17

18                    Counsel who approved the order:         _____
                                                              _____
19                                                            _____

20                    Counsel who disapproved the order:      _____
                                                              _____
21                                                            _____

22                    Counsel who did not respond:            _____
                                                              _____
23                                                            _____

24          _____ I certify that there were no appearances or oppositions at the hearing.

25                                                            _____
26                                                            John F. Murtha, Esq.

27

28                                        ###