**KENT ROBISON, ESQ. – NSB #1167**
krobison@rssblaw.com
**HANNAH WINSTON, ESQ. – NSB #14520**
hwinston@rssblaw.com
**Robison, Sharp, Sullivan & Brust**
71 Washington Street
Reno, Nevada 89503
Telephone:      775-329-3151
Facsimile:      775-329-7169
*Attorneys for Jeffrey L. Hartman, Esq.,*
*Hartman & Hartman, David R. Houston, Esq.,*
*and the Law Office of David R. Houston*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re: | **Case No.: BK-S-13-51237-GWZ**<br>**Chapter:  7** |
| PAUL A. MORABITO, | |
| Debtor. | **Hearing:**<br>**Date:  February 4, 2021**<br>**Time: 10:00 a.m.** |

## OPPOSITION TO MOTION FOR AN ORDER IMPOSING SANCTIONS AGAINST JEFFREY HARTMAN, ESQ. AND HARTMAN & HARTMAN AND DAVID HOUSTON, ESQ. AND THE LAW OFFICES OF DAVID R. HOUSTON PURSUANT TO BANKRUPTCY RULE 9011

Jeffrey Hartman, Esq., Hartman & Hartman, David Houston, Esq., and the Law Offices of David R. Houston (collectively, "Hartman & Houston"), through their attorneys of record, Kent R. Robison, Esq. and Hannah E. Winston, Esq., of the law offices of Robison, Sharp, Sullivan & Brust, hereby oppose the Motion for an Order Imposing Sanctions (the "Motion").  This Opposition is made and based on the attached Memorandum of Points and Authorities, Bankruptcy Rule 9011, the papers and pleadings on file herein, the declarations of Jeffrey Hartman, Esq. and David R. Houston, Esq., and the attached exhibits.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

Attorneys hold a cherished and crucial position in the administration of justice.  Every

1    attorney must recognize inescapable and unavoidable duties of loyalty to their client.  While

2    honoring duties of loyalty and pursuing zealous representation of clients, attorneys cannot and

3    should not be permitted to abuse the system of justice through unnecessary, vexatious or

4    unfounded procedural machinations.  As officers of the court, attorneys owe the system, the

5    courts, their clients, and the public respect, dignity, and integrity.

6         The Independent Motion filed by Messrs. Hartman and Houston was intended to

7    accomplish what was believed to be appropriate relief for their client.  The Motion was neither a

8    model of clarity nor as precise as it should have been.   But the Nevada Supreme Court has given

9    practitioners reasons to consider and file motions for relief under NRCP 60.  This Honorable

10   Court and the Bankruptcy Appellate Panel both indicated that there may be an independent claim

11   for fraud on the Court.  Indeed, this Honorable Court was emphatic to all involved that if a motion

12   under Rule 60 was filed, any removal thereof would be confronted with a remand order.  Whether

13   Hartman and Houston's inferences from this Court's statement and those of the Bankruptcy

14   Appellate Panel were justified can be argued either way.  However, an argument can be made in

15   light of this Court's comments and those of the BAP that the failure to consider the client's

16   entitlement individually to Rule 60 relief would be risky if not precarious.

17        One of the most difficult challenges with which practicing attorneys are confronted is the

18   ability to distinguish loyalties to the client from loyalties to the Court.  In this case, there was

19   judicial acknowledgment that Mr. Morabito was not absolutely precluded from pursuing his

20   individual Rule 60 claims.  The act of filing the Independent Motion is neither egregious nor

21   sanctionable.  Although the conduct of Messrs. Houston and Hartman must be viewed under Rule

22   11 principles objectively, the totality of the circumstances involving an extremely difficult client

23   and a history of acrimonious litigation is worthy of consideration.

24        If it is true that the primary purpose of Rule 11 is to deter marginal, if not questionable,

25   conduct by lawyers, the recent interaction involving Messrs. Hartman and Houston and this Court

26   has unquestionably accomplished all the deterrence ever contemplated by the drafters of Rule 11.

27   This case is complicated.  The client is complicated.  The case involves a procedural history that

28   spans over ten years, and it involves complex issues of law.  Hartman and Houston learned the

procedural history of the case. Hartman and Houston relied on opinions of experts in the area of Rule 60(d) motions and the type of evidence required to demonstrate fraud on the Court. Hartman and Houston used their research and 40+ years of experience as reputable attorneys to draft the Rule 60 Motion, the Injunction Complaint, the Remand Papers, and the Stay Papers.

Hartman and Houston did not file the Independent Motion without having substantial support from experts, applicable case law, the transcript of this Court's comment about whether Morabito had an individual claim, and the BAP's reiteration of that legal concept. These endeavors are Rule 11 compliant. While the filings have shortcomings, it cannot be disputed that Hartman and Houston had a good faith reason to believe that they had the right to do what they did though not done with perfection. However, this Court has admonished counsel for those shortcomings and the message has been received and accepted. No further sanctions are warranted. Accordingly, the Motion should be denied.

## II. PROCEDURAL HISTORY

The Court is well versed in the history of the case. Therefore, Hartman and Houston provide a brief recitation of the factual and procedural background relevant to the issues in the Motion for Sanctions.

### A. State Court Proceedings

In 2007, the parties entered into an Amended and Restated Stock Purchase Agreement ("ARSPA") wherein JH, Inc. as buyer agreed to purchase all outstanding stock of Berry-Hinckley Industries ("BHI") from Morabito as seller. The dispute between the parties that is relevant to Morabito's Fraud on the Court Motion (the "Independent Motion") concerns the working capital[1] of BHI. The ARSPA included a procedure for determining whether a payment adjustment was required based on the Working Capital of BHI.

First, Morabito was to provide the Herbst Parties with the "Initial Working Capital, meaning "an amount equal to the Working Capital as of three business days prior to the Closing as estimated by [Morabito] at the Closing." ARSPA, p. 9. Second, "[a]s promptly as possible after

---

[1] Under the ARSPA, "'***Working Capital***' means, as of a given date, the amount calculated by subtracting the combined current liabilities of the Business [BHI] from the combined current assets of the Business [BHI] as of that

the Closing," the Herbst Parties were required to provide Morabito with a "Closing Date Financial Report" setting forth a calculation of the Closing Date Working Capital (defined as "the Working Capital as of the Closing Date") and the Working Capital Adjustment (defined as "the amount by which Closing Date Working Capital is greater than or less than the Initial Working Capital"). *Id.* at 3, 13, 15.

Third, "[i]f the Closing Date Working Capital [wa]s greater than the Initial Working Capital," the Herbst Parties agreed to "pay the difference to [Morabito] via wire transfer within five business days after final determination of the Working Capital Adjustment." *Id.* at 16, Section 2.6. However, "[i]f the Closing Date Working Capital [wa]s less than the Initial Working Capital," Morabito was required to "pay the difference to the Herbst parties via wire transfer within five business days after final determination of the Working Capital Adjustment." *Id.*

The dispute between the parties arose when they could not agree on the correct Working Capital Adjustment. Pursuant to the ARSPA, Morabito provided an estimate of the Initial Working Capital to the Herbst Parties in the amount of $3,165,690. Thereafter, the Herbst Parties provided the Closing Date Working Capital, which they calculated to be a negative $5,794,318.33. Morabito objected to the Herbst Parties' Closing Date Working Capital calculation. Therefore, the Herbst Parties provided a revised calculation of the Closing Date Working Capital in the amount of a negative $6,507,251.70. Based on this new calculation, the Herbst Parties contended Morabito owed them $9,672,941.70. Under the ARSPA, if a disagreement regarding Working Capital arose, the parties agreed that Independent Accountants[2] would be "retained to undertake a determination of the Closing Date Financial Report." ARSPA, p. 15.

Based on this Working Capital Dispute, among others, Consolidated Nevada Corp., Paul A. Morabito, and Washoe Construction Management Services, LLC (collectively, "Morabito") initiated the State Court Action in December 2007 against JH, Inc., Jerry Herbst, Berry-Hinckley Industries, Herbst Gaming Inc., Terrible Herbst, Inc., Timothy P. Herbst, and Troy D. Herbst (the "Herbst Parties"). In Morabito's Revised Third Amended Complaint, he asserted 16 different

---

date, determined in accordance with the factors set forth on **Schedule 1.1(aaaaa).**"

[2] "Independent Accountants" was defined as "a firm of accountants mutually acceptable to Seller and Buyer; provided

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

claims against the Herbst Parties for, among other things, civil conspiracy, defamation, fraudulent misrepresentation, fraudulent inducement, breach of contract based on three different contracts the parties entered into, and breach of the implied covenant of good faith and fair dealing based on same. The Herbst Parties filed 18 counterclaims against Morabito for, among others, fraud in the inducement, negligent misrepresentation, breach of contract based on those same three contracts, breach of the implied covenant of good faith and fair dealing based on same, declaratory relief, fraud or intentional misrepresentation regarding the working capital, unjust enrichment, fraudulent conveyance, and conversion.

During the 2007 litigation, the district court appointed Douglas Wilson and his firm, the Douglas Wilson Companies (the "Independent Accountant") to act as the independent accountant. The district court appointed the Independent Accountant pursuant to NRS 38.226 (Appointment of arbitrator; service as neutral arbitrator), Nevada Rule of Civil Procedure 53(a) (Appointment of master), and Section 2.5(d) of the ARSPA.

Following appointment of the Independent Accountant, more disputes occurred between the parties. One area of contention (among the many) arose from Morabito's belief that the Independent Accountant had improper ex parte communications with David Wood, BHI's CFO and Controller who was hired subsequent to the closing ("Wood"). Morabito felt that his team was unable to meaningfully participate in the process of determining the working capital of BHI because the Independent Account sought information and assistance from Wood on an ex parte basis. Furthermore, Morabito argued that the Independent Account overlooked the ARSPA and did not properly apply its definitions when making his report. Ultimately, Morabito felt that the Independent Accountant's report was incorrect and improperly favored the Herbst Parties.

The district court confirmed the Independent Accountant's report, and Morabito appealed that order. At trial, the district court determined that Morabito's pre-closing estimate was fraudulent, while Morabito believed that it had been correct. The parties briefed the issues on appeal, but eventually dismissed the appeal pursuant to a settlement agreement.

///

---

that such firm is independent from Buyer, Seller and BHI and its Subsidiaries."

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

**B.  2016 Complaint**

In 2016, Morabito filed a Complaint alleging fraud on the state court.  Morabito alleged that while he always believed his pre-closing estimate was correct, he could never reconcile or explain the discrepancy of his pre-closing estimate with the Herbst Parties' financial statements. Morabito averred that he learned that the Herbst Parties fraudulently manipulated the financial statements to move over $1.9 million of accounts receivable from the pre-closing period to the post-closing period.  Morabito alleged that he learned of the fraud through communicating with the nephew and brother of the CEO of Western Energetix, LLC, Walter Dwelle ("Dwelle").

Western Energetix, LLC was a party to the contracts with BHI in 2007 and its transactions were reflected in BHI's 2007 financial statements.  In communicating with Dwelle's family members, Morabito contended he learned that the 2007 independently audited BHI financials included transactions with Western Energetix that never occurred.  Morabito alleged these conversations prompted him to investigate the Herbst Parties' representations that ultimately caused the district court to find that Morabito had committed fraud which resulted in the State Court Judgment.

Morabito further alleged that prior to closing when CNC controlled and owned BHI, BHI's accounting staff had completed financial statements only through the end of April 2007.  The parties agreed that Morabito would have final approval of any financial statements affecting the pre-closing tax period.  The financial statements for the months end of May 2007 and June 2007, months in which CNC owned BHI, were not completed by BHI's accounting staff until after closing, by which point the Herbst Parties controlled BHI, which, according to Morabito, gave the Herbst Parties an opportunity to fraudulently manipulate the financial records.  Thus, Morabito asserted three causes of action: fraud on the Court; NRCP 60(b)(3) fraud; fraudulent inducement; and fraudulent misrepresentation.  Morabito alleged that the Confession of Judgment was premised on fraudulent representations and false statements knowingly made by the Herbst Parties regarding the manipulated financial statements.

After filing the Complaint, the Herbst Parties removed the action, and Morabito moved for remand.  This Court denied the motion for remand.  In the Order Denying Remand, this Court

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

noted that it "has not made a finding as to whether the Plaintiffs have independent standing apart from the estate to bring claims against the Defendants based upon the allegations of the Complaint." Moreover, this Court determined that "any other claims belonging to the Plaintiffs and not to the bankruptcy estates and not asserted in the Complaint are not before the Court in this Adversary Proceeding and are not affected by this Order."

## C. 2020 Proceedings

In an attempt to assert a fraud on the court claim, alleged separate and apart from the bankruptcy estate, Morabito through counsel Hartman and Houston filed the Rule 60 Independent Motion. The Independent Motion includes several moving parts. It is clear that Hartman and Houston tried to anticipate the arguments of the Herbst Parties when drafting the Independent Motion. Therefore, it appears Hartman and Houston included several arguments that were unnecessary to the Independent Motion. Regardless, the goal of the Independent Motion was singular: bring forward evidence of a fraud on the State Court.

On the same day the Independent Motion was filed, Morabito also filed a Complaint for Declaratory Judgment and Request for Stay of Proceedings and Injunctive Relief in Adversary Proceeding 5002 (the "Injunction Complaint"). The Herbst Parties moved to dismiss Adversary Proceeding 5002, which Morabito opposed, but this Court granted.

Moreover, after the Independent Motion was filed, the Herbst Parties removed it to this Court in Adversary Proceeding 20-5003. Morabito filed a motion for remand, which this Court ultimately denied. The Independent Motion is still pending in Adversary Proceeding 5003. The Herbst Parties now seek sanctions based on the Independent Motion, the Injunction Complaint, the request for stay, and the Motion for Remand.

## III. STANDARD OF REVIEW.

This Court has broad discretion to deny a request for sanctions. *See In re Grantham Brothers,* 922 F.2d 1438, 1441 (9th Cir.1991). "Rule 11 empowers federal courts to impose sanctions upon the signers of paper where a) the paper is 'frivolous', or b) the paper is filed for an 'improper purpose'". *Id.* "In considering sanctions under Rule 9011, the trial court must measure the attorney's conduct objectively against a reasonableness standard, which consists of a

1  competent attorney admitted to practice before the involved court." *In re Kayne*, 453 B.R. 372,

2  382 (B.A.P. 9th Cir. 2011) (internal quotation marks omitted).

3      "The key question in assessing frivolousness is whether a complaint states an arguable

4  claim—***not whether the pleader is correct in his perception of the law***." *Hudson v. Moore Bus.*

5  *Forms, Inc.*, 836 F.2d 1156, 1159 (9th Cir. 1987) (emphasis added). "Therefore, courts do not

6  examine the complaint in the same manner as a court considering a Rule 12(b)(6) motion, because

7  ultimate failure on the merits is irrelevant." *Id.* Indeed, courts have expressly held that sanctions

8  are not warranted merely because a complaint is dismissed. *See Ring v. R.J. Reynolds Indus., Inc.*,

9  597 F. Supp. 1277, 1281 (N.D. Ill. 1984) (stating that "mere fact a complaint is dismissed does not

10  make the attorney who files the complaint liable for sanctions"); *Robinson v. C.R. Laurence Co.*,

11  105 F.R.D. 567, 568 (D. Colo. 1985) ("A defendant is not entitled to attorney fees as an automatic

12  consequence of success on a motion to dismiss for failure to state a claim."). Additionally,

13  "because of the objective standard applicable to Rule 11 analyses, a complaint that is found to be

14  well-grounded in fact and law cannot be sanctioned as harassing, regardless of the attorney's

15  subjective intent." *Hudson*, 836 F.2d at 1159.

16      Here, it is clear that although this Court determined Hartman and Houston made mistakes

17  in the Independent Motion, the papers filed were not frivolous or filed for an improper purpose.

18  **IV. LEGAL ARGUMENT**

19  **A. The Independent Motion, Injunction Complaint, Stay Motion, and Remand Motion**

20      **Are Not Frivolous.**

21      The Herbst Parties argue the following documents filed by Hartman and Hartman warrant

22  sanctions: the Independent Motion, Injunction Complaint, Stay Motion Pleadings, and Remand

23  Motion Pleadings. A claim is frivolous if it is "both baseless and made without a reasonable and

24  competent inquiry." *In re Grantham Bros.*, 922 F.2d at 1442. "A frivolous claim is one that is

25  legally unreasonable, or without legal foundation." *Id.* (internal quotation marks omitted).

26      It is undisputed that Hartman and Houston's Independent Motion and Injunction

27  Complaint are not perfect. Indeed, they contain mistakes. For example, Hartman and Houston

28  alleged in the Independent Motion that the fraud on the court would result in the Bankruptcy

1    orders, including the Non-Dischargeable Order and the Abandonment Order, being vacated.  In

2    Hartman and Houston's view, this would likely be the ultimate result if the Independent Motion

3    were successful because the Confession of Judgment would be vacated, and the Bankruptcy

4    proceedings are predicated on the Confession of Judgment.  Clearly, Hartman and Houston know

5    that the State Court cannot unwind Bankruptcy proceedings.  And Hartman and Houston

6    immediately clarified that point to this Court in the Amended Motion for Remand to correct their

7    representation to the contrary.  *See* Amended Motion for Remand of Removed Proceeding;

8    Request for Abstention (on file in Adversary Proceeding 5003), p. 9-10 ("In the event the State

9    Court grants the requested relief, Morabito will seek to have this Court take such additional action

10   as may be necessary and appropriate.").

11        Hartman and Houston appear to have gotten ahead of themselves in making allegations

12   regarding the State Court's ability to affect this Court's orders, but they have acknowledged their

13   mistake and expressed their intent to correct that mistake.  That allegation in the pleading does not

14   render the Independent Motion frivolous.  *See Golden Eagle Distrib. Corp. v. Burroughs Corp.*,

15   801 F.2d 1531, 1540-41 (9th Cir. 1986) ("Nothing in the language of the Rule or the Advisory

16   Committee Notes supports the view that the Rule empowers the district court to impose sanctions

17   on lawyers simply because a particular argument or ground for relief contained in a non-frivolous

18   motion is found by the district court to be unjustified.").

19        To establish standing and that the Independent Motion was filed in the correct court,

20   Hartman and Houston asserted that Morabito was individually seeking declaratory relief separate

21   and apart from the bankruptcy estate.  *See* Independent Motion, ¶9-¶10.  This Court has expressed

22   that these allegations were merely conclusory legal allegations rather than factual assertions,

23   therefore not satisfying Rule 12(b)(6).  But even if they are characterized as legal conclusions,

24   including them in the Independent Motion does not cause it to be a frivolous motion.  Moreover,

25   such allegations demonstrate that Hartman and Houston intended to state an independent claim for

26   fraud on the Court, even if this Court ultimately concludes their attempt fails.

27        These shortcomings do not detract from the fact that the foundation and function of the

28   Independent Motion is well grounded in fact and law.  *Golden Eagle Distrib. Corp.*, 801 F.2d at

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1540-41 ("In short, the fact that the court concludes that one argument or sub-argument in support of an otherwise valid motion, pleading, or other paper is unmeritorious does not warrant a finding that the motion or pleading is frivolous or that the Rule has been violated."). The purpose of the Independent Motion was to set forth a fraud on the Court. "Fraud upon the court" has been recognized for centuries as a basis for setting aside a final judgment, sometimes even years after it was entered. *Hazel-Atlas Co. v. Hartford Co.,* 322 U.S. 238, 245, 64 S.Ct. 997 (1944) (discussing "the historic power of equity to set aside fraudulently begotten judgments" and canvassing cases and treatises and vacating a judgment entered nine years earlier), *overruled on other grounds by Standard Oil Co. of Cal. v. United States,* 429 U.S. 17, 18, 97 S.Ct. 31, 50 L.Ed.2d 21 (1976).

To promote finality of judgment, final judgments are not "normally" subject to challenge. *NC-DSH, Inc. v. Garner*, 125 Nev. 647, 653, 218 P.3d 853, 858 (2009). "However, the policy of repose yields when 'the court finds after a proper hearing that fraud has been practiced upon it, or the very temple of justice has been defiled.'" *Id.* (quoting *Universal Oil Co. v. Root Rfg. Co.,* 328 U.S. 575, 580, 66 S.Ct. 1176, 90 L.Ed. 1447 (1946)). "'[A] case of fraud upon the court [calls] into question the very legitimacy of the judgment.'" *Id.* (quoting *Calderon v. Thompson,* 523 U.S. 538, 557, 118 S.Ct. 1489, 140 L.Ed.2d 728 (1998) (alteration in original)). "Put another way, [w]hen a judgment is shown to have been procured by fraud upon the court, no worthwhile interest is served in protecting the judgment." *Id.* (internal quotation marks omitted) (alteration in original).

Moreover, whether judgment was entered through settlement or otherwise, it is subject to being vacated where after discovered fraud exists. *Hazel-Atlas Glass Co.*, 322 U.S. at 244, 64 S. Ct. at 1000 ("From the beginning there has existed along side the term rule a rule of equity to the effect that under certain circumstances, one of which is after-discovered fraud, relief will be granted against judgments regardless of the term of their entry."). Thus, there is, at least, a reasonable basis to argue *Hazel* would extend to a Confession of Judgment.

The person alleging a fraud on the Court carries a heavy burden. The Nevada Supreme Court has adopted a definition of "fraud upon the court" which states that

the concept embrace[s] only that species of fraud which does, or attempts to,

subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases . . . and relief should be denied in the absence of such conduct.

*Id.* at 654, 218 P.3d at 858.

Notably, this Court and the United States Bankruptcy Appellate Panel of the Ninth Circuit ("BAP") recognized that an independent claim for fraud on the Court *may* exist. *See* Transcript of Motion for Remand of Removed Proceedings, August 3, 2017, p. 53:8-13 ("[W]hen I read Rule 60 and the language, whether it be in 60(d) in the federal rule or just included as part of 60(b) in the state rule, [it] says they can bring an independent action if somebody believes there's been fraud upon the court. Read it. Tell me how any bankruptcy court has the power to say they can't do that."); Bankruptcy Appellate Panel ("BAP") Transcript dated October 30, 2018, p. 8 ("But the bankruptcy judge acknowledged another possibility: if the complaint included a fraud upon the court independent action, he could sever that claim from the complaint and remand it, and only it, to state court.").

This Court has determined that Hartman and Houston did not allege adequate facts to identify an independent claim for fraud on the Court. Doing so would be admittedly difficult giving the relatedness of Morabito and the Debtor. However, this Court and the BAP have acknowledged that pursuing such independent action is legally tenable. Thus, nothing Hartman and Houston filed is frivolous as it is grounded in established law. While the execution was not perfect, the motions and Injunction Complaint are certainly not frivolous.

The Herbst Parties attack the Independent Motion as barred by res judicata. But it is certainly not clear from the face of the Independent Motion that such proposition is true. Indeed, if the Court accepted that Morabito was stating an independent action for fraud on the Court, it should not be barred. Even the BAP recognized that this Court did not reach the merits of the 2016 Complaint. *See* BAP Transcript, October 30, 2018, p. 26-27 ("But supposing that the bankruptcy court is wrong and the complaint asserted the Morabito Parties' individual claims, even then, the bankruptcy court did not reach the merits of the individual claims, so the Morabito Parties would be free to assert them by motion or independent equitable action.") (citing *NC-DSH,*

Robison, Sharp, Sullivan & Brust 71 Washington St. Reno, NV 89503 (775) 329-3151

11

*Inc.*, 125 Nev. at 653 (("[d]enial of relief [by motion in the [rendering court] will bar an independent equitable action in another court, unless the denial was on a ground that precluded reaching the merits of the motion, or the circumstances have changed" (alterations in original) (quoting Wright, Miller & Kane, Federal Practice and Procedure § 2868)).

The BAP directly explained that a subsequent equitable action would not be barred by res judicata.  Hartman and Houston reasonably relied on the BAP's insight.  *United States v. Buchanan*, 59 F.3d 914, 918 (9th Cir. 1995) ("**Litigants need to be able to trust the oral pronouncements of district court judges**.") (emphasis added).  This Court, too, contemplated that Morabito would not be precluded from bringing an independent action.  Transcript of Motion for Remand of Removed Proceedings, August 3, 2017, p. 58:1-5 ("I do not think that in any way is Mr. Morabito precluded by this ruling or candidly, because I made that clear, I thought, in paragraph 111 of my findings, to bring any independent action that he thinks is appropriate under Rule 60(b) under Nevada Rules of Civil Procedure.").

**B. Hartman and Houston Conducted a Reasonable Inquiry into the Facts and Law.**

Hartman and Houston learned the 13-year history of this case.  While the Herbst Parties fault Hartman and Houston for linguistic choices, i.e., whether the working capital issue was "set aside," the parties largely agree on the history of the litigation.[3]  Obviously, this Court is well versed in the history of the litigation.  The clear area of contention for the parties is the truthfulness, or lack thereof, of the Herbst Parties in making certain representations to the Court and the Independent CPA during the state court trial.

After learning the history of the litigation, Hartman and Houston gathered the factual information from their client.  Thereafter, Hartman and Houston continued their investigation by

---

[3] Hartman and Houston note that the In Limine Orders speak for themselves.  The Herbst Parties admit that "Judge Adams did not try the issue during the 'State Court Trial.'"  Motion, p. 23.  That is what Hartman and Houston meant.  The Herbst Parties' attempt to make it seem as though Hartman and Houston made blatant misrepresentations to this Court should be rejected.  Hartman and Houston were simply informing the Court that the Working Capital issue was not litigated at trial.  Hartman and Houston never represented that the Ind-CPA's report was not confirmed by Judge Adams.  Even if Hartman and Houston misconstrued the In Limine Orders, this Court certainly was not mislead by Hartman and Houston's interpretation of those orders.  Any mistake in construing the In Limine Orders is not sanctionable.  *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 281 (4th Cir. 2006) ("Even assuming that . . . [the] lawyers made a mistake in drawing an inference from a general disclosure document that was contradicted by a program-specific document, this mistake did not compel the district court to find a Rule 11(b) violation.  The rule required some evidentiary support for the market-making revenue claim, but it did not require perfection.").

reviewing reports from three experts: Randy Wagner, Victor Song, and Richard Speier, Jr.

Randy Wagner is a certified public accountant ("CPA"), has a master's degree in business administration, and a master's degree in international management. *See* **Exhibit 1** (Wagner Declaration). Victor Song is a former employee of the Internal Revenue Service ("IRS"), where he worked from 1981-2011 in various roles, including Chief of IRS Criminal Investigation, Deputy Chief of IRS Criminal Investigation, Director of Field Operations Pacific Area for IRS Criminal Investigation. *See* **Exhibit 2** (Declaration of Victor Song without exhibits).[4] Richard Speier, Jr. served 29 years as a special agent, manager, and executive with the IRS Criminal Investigation. *See* **Exhibit 3** (Song and Speier Memorandum). Richard Speier, Jr. worked in various roles at the IRS, including Special Agent in Charge, Acting Chief Criminal Investigation, and Deputy Chief. *Id.*

These distinguished expert witnesses reviewed the issues surrounding fraud on the Court and opined that the Herbst Parties manipulated and manufactured evidence to perpetuate a fraud on the Court. *See* **Exhibit 3**.

Specifically, Mr. Wagner examined the Superpumper computer servers in Scottsdale, Arizona and "discovered that the computers had stored backups of the records of BHI and PAMCO which originated Pre-2007 on the BHI servers." **Exhibit 1** (Wagner Declaration). Mr. Wagner informed Morabito and his counsel that based on his analysis of the evidence presented to the State Court, it his opinion that the Herbst Parties "knowingly and willfully perpetrated a scheme to defraud the State Court and [Morabito]." Mr. Wagner provided a report with detailed analysis of the fraud on the Court. *See* **Exhibit 4** (Wagner Report).

Moreover, Mr. Song reviewed Mr. Wagner's report and determined that the "dividend portrayed on the 6/30/2007 balance sheet had been previously recorded by the defendant's accounting staff and should not have appeared on the balance sheet for 6/30/2007 prepared by Mr. Wood and his staff on 8/27/2007. Accordingly, any court relying on the legitimacy of the 'dividend' was misled." **Exhibit 2** (Declaration of Victor Song), p. 4. Mr. Speier also reviewed

---

[4] To avoid overburdening the Court with repetitive documents, Hartman and Houston do not attach the exhibits to Mr. Song's declaration. If the Court would like those documents, Hartman and Houston will provide them.

Robison, Sharp, Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1    Mr. Wagner's report and determined that a fraud on the Court occurred. **Exhibit 3** (Song and

2    Speier Memorandum). Mr. Speier and Mr. Song concluded that the Herbst Parties' "counsel,

3    acknowledged in an email that they possessed the 12/31/06 balance sheet that the defendant later

4    stated he did not have. This was inaccurate and misleading." *Id.* at 12.

5         Three experts conducted factual investigations and came to the same conclusion. Hartman

6    and Houston did not only rely on their client's version of what occurred, but also independently

7    investigated the facts. Hartman and Houston were entirely justified in relying upon these experts

8    in drafting the Independent Motion.

9         Finally, the Herbst parties unfairly attack Hartman and Houston by misconstruing Hartman

10   and Houston's argument regarding the BHI Check Register. The Herbst Parties argue that

11   Hartman and Houston aver that John Desmond and Gerald Gordon obtained the Abandonment

12   Order and Nondischarge Judgment by defrauding the Court through Gordon's transmission of the

13   BHI 2006 Check Register. **Hartman and Houston never made that argument**.

14        Rather, Hartman and Houston alleged that Gordon's August 22, 2019 e-mail wherein he

15   sent Hartman and Houston the purported BHI Check Register was the first evidence that

16   corroborated their theory that Gordon committed fraud on the Court in 2010 and that demonstrated

17   Wood fraudulently re-created certain BHI financial statements. *See* Independent Motion, p. 25.

18   The Herbst Parties' attempt to mislead this Court must be rejected. Exhibit 58 to the Independent

19   Motion (a comparison of Gordon's BHI Check Register to actual BHI Financials) is exactly the

20   "adequate legal and factual foundation" upon which Hartman and Houston based their allegations.

21        Accordingly, Hartman and Houston had a reasonable factual basis to move forward with

22   the Independent Motion, Injunction Complaint, Stay Motion, and Remand Motion.

23   **V.   THIS COURT SHOULD DECLINE FURTHER SANCTIONS.**

24        The district court has wide discretion in determining the appropriate sanction for a Rule 11

25   violation. *Hudson v. Moore Bus. Forms, Inc.*, 836 F.2d 1156, 1163 (9th Cir. 1987). As to the type

26   of sanction imposed under Rule 11, the court "should utilize the least severe sanction that furthers

27   the purposes of Rule 11 and is the least severe sanction adequate to such purpose." *Jenkins v.*

28   *Methodist Hospitals of Dallas, Inc.,* 478 F.3d at 265 (quoting *Thomas v. Capital Security Services,*

*Inc.,* 836 F.2d at 878).  *Marceaux v. Lafayette City-Par. Consol. Gov't,* 14 F. Supp. 3d 760, 767

(W.D. La. 2014), *aff'd,* 614 F. App'x 705 (5th Cir. 2015).

At the hearing on the Motion for Remand and the Motion to Dismiss the Injunction

Complaint, this Court reprimanded Hartman and Houston from the bench.  If this Court

determines that sanctions are appropriate, this Court should decline to impose further sanctions

beyond the public reprimand.

Given the unique circumstances of this case, Hartman and Houston ask this Court to view

the request for sanctions in the context of the purpose of Rule 11.  An award of Rule 11 sanctions

raises two competing concerns: the desire to avoid abusive use of the judicial process and to avoid

chilling zealous advocacy. [5]  *In re Yagman,* 796 F.2d 1165, 1182, *amended,* 803 F.2d 1085 (9th

Cir.1986).  The Ninth Circuit "has noted that sanctions should not be used to chill an attorney's

enthusiasm or creativity in pursuing factual or legal theories." *Hudson v. Moore Bus. Forms, Inc.,*

836 F.2d 1156, 1159-60 (9th Cir. 1987).  As the advisory committee has explained, "[t]he word

'sanctions' in the caption, for example, stresses a deterrent orientation in dealing with improper

pleadings, motions, or other papers."  Fed. R. Civ. P. 11 advisory committee's note.

Thus, "federal courts [should] seek to implement [Rule 11] in a manner that accurately

reflects the intent of the drafters to permit imaginative and vigorous advocacy."  Daniel E.

Lazaroff, *Foreword—Third Annual Fritz B. Burns Lecture on Rule 11 Reform: Progress or*

*Retreat on Attorney Sanctions,* 28 Loy. L.A. L. Rev. 1, 5 (1994).  "Aggressive use of rule 11

sanctions to punish lawyers threatens to chill vigorous advocacy and restrict access to the courts in

ways that have not been intended by the drafters."  Melissa Lee Nelken, *Sanctions Under*

*Amended Federal Rule 11- Some "Chilling" Problems in the Struggle Between Compensation and*

*Punishment,* 74 Geo.L.J. 1313, 1324 (1986).

As one commentator noted, "if deterrence is Rule 11's goal, as the courts proclaim, a court

should focus on whether a given sanction improves or enhances professional responsibility . . . ."

---

[5] "The language of Rule 9011(a) is virtually identical to that of Fed.R.Civ.P. 11, and therefore, courts considering sanctions under Rule 9011(a) rely on Rule 11 cases." *In re Grantham Bros.,* 922 F.2d 1438, 1441 (9th Cir. 1991). Moreover, "[b]ecause the analysis of sanctions is essentially identical under Rules 9011(a) and Rule 11, [courts] use the terms interchangeably." *Id.*

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1   Victor H. Kramer, *Viewing Rule 11 As A Tool to Improve Professional Responsibility*, 75 Minn. L.

2   Rev. 793, 804-05 (1991).  Given the complex history of this case, complicated area of law, and the

3   lack of improper purpose in filing the challenged documents, a less severe sanction is warranted.

4          "[A]s a less severe alternative to monetary sanctions, district courts may choose to

5   admonish or reprimand attorneys who violate Rule 11." *Thomas v. Capital Sec. Servs., Inc.*, 836

6   F.2d 866, 878 (5th Cir. 1988); *Morris v. Wachovia Sec., Inc.*, 448 F.3d 268, 284-85 (4th Cir. 2006)

7   ("As a nonmonetary sanction, a court may, for example, strike a document, *admonish a lawyer,*

8   require the lawyer to undergo education, or refer an allegation to appropriate disciplinary

9   authorities.") (emphasis in original).  In *Thomas*, the Fifth Circuit explained that the "appropriate"

10  sanction under Rule 11 can include a variety of options.  *Thomas*, 836 F.2d at 878 ("What is

11  "appropriate" may be a warm friendly discussion on the record, a hard-nosed reprimand in open

12  court, compulsory legal education, monetary sanctions, or other measures appropriate to the

13  circumstances. Whatever the ultimate sanction imposed, the district court should utilize the

14  sanction that furthers the purposes of Rule 11 and is the least severe sanction adequate to such

15  purpose.").

16          The Herbst Parties request sanctions in the form of attorney fees, thereby asking this Court

17  to impose sanctions for the purpose of compensation.  But it must be noted that "[t]he rule

18  provides for sanctions, *not fee shifting*.  It is aimed at deterring conduct rather than merely

19  compensating the prevailing party.  The key to invoking Rule 11, therefore, is the nature of the

20  conduct of counsel and the parties, not the outcome."  Schwarzer, *Sanctions Under the New Rule

21  11—A Closer Look*, 104 F.R.D. 181, 185 (1985) (emphasis added); *In re Kunstler,* 914 F.2d 505,

22  522 (4th Cir.1990) (disallowing award of attorney fees which compensated defendants "rather

23  than . . . deter[ring] improper litigation").

24          Rather than imposing fines or ordering payment of attorney fees, a court's condemning

25  language can be a severe sanction in itself.  Nelken, 74 Geo.L.J. at 1332; Miller & Culp, *Litigation

26  Costs, Delay Prompted the New Rules of Civil Procedure*, Nat'l L.J., Nov. 28, 1983, at 34, col. 4

27  ("In some cases, an 'appropriate' sanction will be nothing more than an oral reprimand by the

28  court or an expression of disagreement with the lawyer's decision.").

1        In this case, Hartman and Houston did not execute the filings perfectly, but they did not act

2    incompetently or in bad faith.  This Court already reprimanded Hartman and Houston in open

3    court.  This Court was highly critical of the Independent Motion and Injunction Complaint.  As the

4    Honorable Judge Schwarzer has acknowledged, there is a certain "sting" when "public criticism

5    [is] delivered from the bench.  Such criticism, while potentially constructive, can also damage a

6    lawyer's reputation and career . . . ."  *See* Schwarzer, *supra*, at 201.  This Court's reprimand was

7    constructive and certainly served to deter each attorney watching the hearing from filing anything

8    that could be construed as improper.  Hartman and Houston have acknowledged their mistakes

9    from the beginning and have learned the importance of careful drafting.  Thus, no further sanction

10   is necessary.

11   **VI. CONCLUSION**

12       Based on the foregoing, Hartman and Houston respectfully request that this Court deny the

13   Motion.

14       DATED this 15th day of December, 2020.

15                           ROBISON, SHARP, SULLIVAN & BRUST
                            71 Washington Street

16                           Reno, Nevada  89503

17

18                           */s/  Kent R. Robison*
                        KENT R. ROBISON – NSB #1167

19                           HANNAH E. WINSTON – NSB #14520
                        *Attorneys for Jeffrey L. Hartman, Esq.,*

20                           *Hartman & Hartman, David R. Houston, Esq.,*
                        *and the Law Office of David R. Houston*

21

22

23

24

25

26

27

28

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1

## CERTIFICATE OF SERVICE

2

Pursuant to FRBP 7005 and FRCP 5(b), I certify that I am an employee of Robison, Sharp,
3   Sullivan & Brust, that I am over the age of 18 and not a party to the above-referenced case, and
that on the date below I caused to be served a true copy of the **OPPOSITION TO MOTION**
4   **FOR AN ORDER IMPOSING SANCTIONS AGAINST JEFFREY HARTMAN, ESQ. AND**
**HARTMAN & HARTMAN AND DAVID HOUSTON, ESQ. AND THE LAW OFFICES OF**
5   **DAVID R. HOUSTON PURSUANT TO BANKRUPTCY RULE 9011** on all parties to this
action by the method(s) indicated below:
6

7     __X___          I hereby certify that on the date below, I electronically filed the foregoing with the
Clerk of the Court by using the ECF system which served the following parties electronically:
8

SETH J. ADAMS on behalf of Plaintiff WILLIAM A. LEONARD, JR.
9     sadams@woodburnandwedge.com, mpayette@woodburnandwedge.com

10    SETH J. ADAMS on behalf of Trustee WILLIAM A. LEONARD
sadams@woodburnandwedge.com, mpayette@woodburnandwedge.com
11

ROBERT M. CHARLES, JR. on behalf of Creditor SUPERMESA FUEL &
12    MERC, LLC
rcharles@lrrc.com, BankruptcyNotices@LRRLaw.com,robert-charles-
13    1072@ecf.pacerpro.com

14    ROBERT M. CHARLES, JR. on behalf of Creditor JAN FRIEDERICH
rcharles@lrrc.com, BankruptcyNotices@LRRLaw.com,robert-charles-
15    1072@ecf.pacerpro.com

16    ROBERT M. CHARLES, JR. on behalf of Creditor MAREK
FRIEDERICH
17    rcharles@lrrc.com, BankruptcyNotices@LRRLaw.com,robert-charles-
1072@ecf.pacerpro.com
18

ROBERT M. CHARLES, JR. on behalf of Defendant SUPERMESA FUEL
19    & MERC, LLC
rcharles@lrrc.com, BankruptcyNotices@LRRLaw.com,robert-charles-
20    1072@ecf.pacerpro.com

21    ROBERT M. CHARLES, JR. on behalf of Defendant JAN FRIEDERICH
22    rcharles@lrrc.com, BankruptcyNotices@LRRLaw.com,robert-charles-
1072@ecf.pacerpro.com
23

ROBERT M. CHARLES, JR. on behalf of Defendant MAREK
24    FRIEDERICH
rcharles@lrrc.com, BankruptcyNotices@LRRLaw.com,robert-charles-
25    1072@ecf.pacerpro.com

26    JONATHAN S. DABBIERI on behalf of Interested Party WILLIAM A.
LEONARD, JR
27    dabbieri@sullivanhill.com,
hill@sullivanhill.com;hawkins@sullivanhill.com;millerick@sullivanhill.co
28    m;bkstaff@sullivanhill.com;dabbieri@ecf.inforuptcy.com

JONATHAN S. DABBIERI on behalf of Interested Party WILLIAM A. LEONARD, JR.
dabbieri@sullivanhill.com,
hill@sullivanhill.com;hawkins@sullivanhill.com;millerick@sullivanhill.com;bkstaff@sullivanhill.com;dabbieri@ecf.inforuptcy.com

JONATHAN S. DABBIERI on behalf of Plaintiff WILLIAM A. LEONARD JR.
dabbieri@sullivanhill.com,
hill@sullivanhill.com;hawkins@sullivanhill.com;millerick@sullivanhill.com;bkstaff@sullivanhill.com;dabbieri@ecf.inforuptcy.com

JONATHAN S. DABBIERI on behalf of Plaintiff WILLIAM A. LEONARD, JR.
dabbieri@sullivanhill.com,
hill@sullivanhill.com;hawkins@sullivanhill.com;millerick@sullivanhill.com;bkstaff@sullivanhill.com;dabbieri@ecf.inforuptcy.com

JONATHAN S. DABBIERI on behalf of Trustee WILLIAM A. LEONARD
dabbieri@sullivanhill.com,
hill@sullivanhill.com;hawkins@sullivanhill.com;millerick@sullivanhill.com;bkstaff@sullivanhill.com;dabbieri@ecf.inforuptcy.com

MICHAEL R ESPOSITO on behalf of Petitioning Creditor BERRY-HINCKLEY INDUSTRIES
mesposito@gtg.legal, bknotices@gtg.legal

MICHAEL R ESPOSITO on behalf of Petitioning Creditor JH, INC.
mesposito@gtg.legal, bknotices@gtg.legal

MICHAEL R ESPOSITO on behalf of Petitioning Creditor JERRY HERBST (DECEASED)
mesposito@gtg.legal, bknotices@gtg.legal

MICHAEL R ESPOSITO on behalf of Petitioning Creditor MARYANNA HERBST
mesposito@gtg.legal, bknotices@gtg.legal

MICHAEL R ESPOSITO on behalf of Plaintiff BERRY-HINCKLEY INDUSTRIES
mesposito@gtg.legal, bknotices@gtg.legal

MICHAEL R ESPOSITO on behalf of Plaintiff JH, INC.
mesposito@gtg.legal, bknotices@gtg.legal

MICHAEL R ESPOSITO on behalf of Plaintiff MARYANNA HERBST
mesposito@gtg.legal, bknotices@gtg.legal

MICHAEL R ESPOSITO on behalf of Special Counsel GARMAN TURNER GORDON LLP
mesposito@gtg.legal, bknotices@gtg.legal

1

2

MICHAEL R ESPOSITO on behalf of Special Counsel GORDON SILVER
mesposito@gtg.legal, bknotices@gtg.legal

3

MICHAEL R ESPOSITO on behalf of Special Counsel GARMAN
TURNER GORDON
mesposito@gtg.legal, bknotices@gtg.legal

4

5

JOSEPH P. GARIN on behalf of Defendant ROBISON, SHARP,
SULLIVAN & BRUST, LTD.
losuna@lipsonneilson.com;aochoa@lipsonneilson.com;jcerezo@lipsonneilson.com

6

7

FRANK C. GILMORE on behalf of Defendant CUSENZA, LLC
fgilmore@rssblaw.com, mdavis@rssblaw.com

8

9

FRANK C. GILMORE on behalf of Defendant SNOWSHOE
PETROLEUM, INC.
fgilmore@rssblaw.com, mdavis@rssblaw.com

10

11

FRANK C. GILMORE on behalf of Defendant SALVATORE
MORABITO
fgilmore@rssblaw.com, mdavis@rssblaw.com

12

13

FRANK C. GILMORE on behalf of Interested Party SNOWSHOE
PROPERTIES LLC
fgilmore@rssblaw.com, mdavis@rssblaw.com

14

15

FRANK C. GILMORE on behalf of Interested Party EDWARD BAYUK
fgilmore@rssblaw.com, mdavis@rssblaw.com

16

17

FRANK C. GILMORE on behalf of Interested Party PAUL A.
MORABITO
fgilmore@rssblaw.com, mdavis@rssblaw.com

18

19

FRANK C. GILMORE on behalf of Plaintiff CONSOLIDATED NEVADA
CORPORATION
fgilmore@rssblaw.com, mdavis@rssblaw.com

20

21

FRANK C. GILMORE on behalf of Plaintiff PAUL A. MORABITO
fgilmore@rssblaw.com, mdavis@rssblaw.com

22

23

GERALD M GORDON on behalf of Petitioning Creditor BERRY-
HINCKLEY INDUSTRIES
ggordon@gtg.legal, bknotices@gtg.legal

24

GERALD M GORDON on behalf of Petitioning Creditor JH, INC.
ggordon@gtg.legal, bknotices@gtg.legal

25

26

GABRIELLE A. HAMM on behalf of Petitioning Creditor BERRY-
HINCKLEY INDUSTRIES
ghamm@Gtg.legal, bknotices@gtg.legal

27

28

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1  GABRIELLE A. HAMM on behalf of Petitioning Creditor JH, INC.
   ghamm@Gtg.legal, bknotices@gtg.legal

2

3  GABRIELLE A. HAMM on behalf of Plaintiff WILLIAM A. LEONARD
   ghamm@Gtg.legal, bknotices@gtg.legal

4  GABRIELLE A. HAMM on behalf of Trustee WILLIAM A. LEONARD
   ghamm@Gtg.legal, bknotices@gtg.legal

5

6  JEFFREY L HARTMAN on behalf of Debtor PAUL A. MORABITO
   notices@bankruptcyreno.com, abg@bankruptcyreno.com

7  JEFFREY L HARTMAN on behalf of Defendant JACKSON HOLE
   TRUST COMPANY

8  notices@bankruptcyreno.com, abg@bankruptcyreno.com

9  JEFFREY L HARTMAN on behalf of Defendant MEADOW FARMS
   TRUST

10 notices@bankruptcyreno.com, abg@bankruptcyreno.com

11 JEFFREY L HARTMAN on behalf of Defendant SNOWSHOE
   PROPERTIES, LLC

12 notices@bankruptcyreno.com, abg@bankruptcyreno.com

13 JEFFREY L HARTMAN on behalf of Defendant EDWARD BAYUK
   notices@bankruptcyreno.com, abg@bankruptcyreno.com

14

15 JEFFREY L HARTMAN on behalf of Defendant PAUL A. MORABITO
   notices@bankruptcyreno.com, abg@bankruptcyreno.com

16 JEFFREY L HARTMAN on behalf of Plaintiff PAUL A. MORABITO
   notices@bankruptcyreno.com, abg@bankruptcyreno.com

17

18 BRIAN R. IRVINE on behalf of Defendant BERRY-HINCKLEY
   INDUSTRIES

19 birvine@dickinsonwright.com,
   mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock

20 et@dickinsonwright.com

21 BRIAN R. IRVINE on behalf of Defendant JH, INC.
   birvine@dickinsonwright.com,

22 mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
   et@dickinsonwright.com

23

24 BRIAN R. IRVINE on behalf of Defendant EDWARD J. HERBST
   birvine@dickinsonwright.com,

25 mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
   et@dickinsonwright.com

26 BRIAN R. IRVINE on behalf of Defendant MARYANNA HERBST
   birvine@dickinsonwright.com,

27 mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
   et@dickinsonwright.com

28

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

BRIAN R. IRVINE on behalf of Defendant TIMOTHY P. HERBST
birvine@dickinsonwright.com,
mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
et@dickinsonwright.com

BRIAN R. IRVINE on behalf of Defendant TROY D. HERBST
birvine@dickinsonwright.com,
mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
et@dickinsonwright.com

BRIAN R. IRVINE on behalf of Interested Party EDWARD J. HERBST
birvine@dickinsonwright.com,
mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
et@dickinsonwright.com

BRIAN R. IRVINE on behalf of Interested Party TIMOTHY P. HERBST
birvine@dickinsonwright.com,
mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
et@dickinsonwright.com

BRIAN R. IRVINE on behalf of Interested Party TROY D. HERBST
birvine@dickinsonwright.com,
mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
et@dickinsonwright.com

BRIAN R. IRVINE on behalf of Petitioning Creditor BERRY-HINCKLEY
INDUSTRIES
birvine@dickinsonwright.com,
mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
et@dickinsonwright.com

BRIAN R. IRVINE on behalf of Petitioning Creditor JH, INC.
birvine@dickinsonwright.com,
mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
et@dickinsonwright.com

BRIAN R. IRVINE on behalf of Petitioning Creditor MARYANNA
HERBST
birvine@dickinsonwright.com,
mreel@dickinsonwright.com;cgrinstead@dickinsonwright.com;RN_litdock
et@dickinsonwright.com

NATHAN G. KANUTE on behalf of Creditor HERBERT F
BOECKMANN II AND JANE BOECKMANN, AS TRUSTEES OF THE
BOECKMANN FAMILY REVOCABLE TRUST
nkanute@swlaw.com,
mfull@swlaw.com;jmath@swlaw.com;docket_las@swlaw.com;jstevenson
@swlaw.com;ljtaylor@swlaw.com

MICHAEL R KEALY on behalf of Interested Party 30 OHM PLACE/4900
MILL, LLC
mkealy@parsonsbehle.com, tbrown@parsonsbehle.com

MICHAEL R KEALY on behalf of Interested Party 788 MALLORY, LLC
mkealy@parsonsbehle.com, tbrown@parsonsbehle.com

MICHAEL R KEALY on behalf of Interested Party DESI MORENO,
TRUSTEE OF THE DESI MORENO 2001 TRUST
mkealy@parsonsbehle.com, tbrown@parsonsbehle.com

MICHAEL R KEALY on behalf of Interested Party MILL OHM POSADA,
LLC
mkealy@parsonsbehle.com, tbrown@parsonsbehle.com

MICHAEL R KEALY on behalf of Interested Party THE DESI MORENO
2001 TRUST
mkealy@parsonsbehle.com, tbrown@parsonsbehle.com

CECILIA LEE on behalf of Attorney DAVIS GRAHAM & STUBBS LLP
e.high@lee-high.com, e.dendary@lee-high.com;s.ramos@lee-high.com

MICHAEL LEHNERS on behalf of Defendant SNOWSHOE
PROPERTIES, LLC
michaellehners@yahoo.com

MICHAEL LEHNERS on behalf of Defendant EDWARD BAYUK
michaellehners@yahoo.com

MICHAEL LEHNERS on behalf of Interested Party SNOWSHOE
PROPERTIES LLC
michaellehners@yahoo.com

MICHAEL LEHNERS on behalf of Interested Party EDWARD BAYUK
michaellehners@yahoo.com

WILLIAM A. LEONARD
Trustee@bktte.com, wal@trustesolutions.net

TIMOTHY A LUKAS on behalf of Creditor USHF CELLULAR
COMMUNICATIONS, LLC
ecflukast@hollandhart.com

DAVID C. McELHINNEY on behalf of Defendant SUPERMESA FUEL &
MERC, LLC
dMcElhinney@lrrc.com

DAVID C. McELHINNEY on behalf of Defendant JAN FRIEDERICH
dMcElhinney@lrrc.com

DAVID C. McElhinney on behalf of Defendant MAREK FRIEDERICH
dMcElhinney@lrrc.com

TREY A. MONSOUR on behalf of Defendant EDWARD BAYUK
TMonsour@Polsinelli.com, ANaumann@polsinelli.com

JOHN F MURTHA on behalf of Attorney WOODBURN AND WEDGE
jmurtha@woodburnandwedge.com, szysman@woodburnandwedge.com

JOHN F MURTHA on behalf of Interested Party WILLIAM A.
LEONARD, JR.
jmurtha@woodburnandwedge.com, szysman@woodburnandwedge.com

JOHN F MURTHA on behalf of Plaintiff WILLIAM A. LEONARD, JR.
jmurtha@woodburnandwedge.com, szysman@woodburnandwedge.com

JOHN F MURTHA on behalf of Trustee WILLIAM A. LEONARD
jmurtha@woodburnandwedge.com, szysman@woodburnandwedge.com

ANGELA T NAKAMURA OCHOA on behalf of Defendant ROBISON,
SHARP, SULLIVAN & BRUST, LTD.
aochoa@lipsonneilson.com

BOB L. OLSON on behalf of Creditor HERBERT F BOECKMANN II
AND JANE BOECKMANN, AS TRUSTEES OF THE BOECKMANN
FAMILY REVOCABLE TRUST
bolson@swlaw.com,
mfull@swlaw.com;jmath@swlaw.com;docket_las@swlaw.com;jstevenson
@swlaw.com;nkanute@swlaw.com

TERESA M. PILATOWICZ on behalf of Plaintiff WILLIAM A.
LEONARD
tpilatowicz@gtg.legal, bknotices@gtg.legal

TERESA M. PILATOWICZ on behalf of Special Counsel GARMAN
TURNER GORDON
tpilatowicz@gtg.legal, bknotices@gtg.legal

TERESA M. PILATOWICZ on behalf of Trustee WILLIAM A.
LEONARD
tpilatowicz@gtg.legal, bknotices@gtg.legal

JARED M. SECHRIST on behalf of Interested Party JERRY HERBST
(DECEASED)
jsechrist@gtg.legal, tbinns@gtg.legal;bknotices@Gtg.legal

JARED M. SECHRIST on behalf of Plaintiff BERRY-HINCKLEY
INDUSTRIES
jsechrist@gtg.legal, tbinns@gtg.legal;bknotices@Gtg.legal

JARED M. SECHRIST on behalf of Plaintiff JH, INC.
jsechrist@gtg.legal, tbinns@gtg.legal;bknotices@Gtg.legal

JARED M. SECHRIST on behalf of Plaintiff MARYANNA HERBST
jsechrist@gtg.legal, tbinns@gtg.legal;bknotices@Gtg.legal

DAVID B. SHEMANO on behalf of Debtor PAUL A. MORABITO
dshemano@shemanolaw.com

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

24

DAVID B. SHEMANO on behalf of Defendant PAUL A. MORABITO
dshemano@shemanolaw.com

DAVID B. SHEMANO on behalf of Interested Party CONSOLIDATED
NEVADA CORPORATION
dshemano@shemanolaw.com

DAVID B. SHEMANO on behalf of Interested Party EDWARD BAYUK
dshemano@shemanolaw.com

DAVID B. SHEMANO on behalf of Plaintiff CONSOLIDATED
NEVADA CORPORATION
dshemano@shemanolaw.com

DAVID B. SHEMANO on behalf of Plaintiff PAUL A. MORABITO
dshemano@shemanolaw.com

ELIZABETH E. STEPHENS on behalf of Attorney SULLIVAN HILL
REZ & ENGEL, APLC
stephens@sullivanhill.com,
rudolph@sullivanhill.com;hill@sullivanhill.com;dabbieri@sullivanhill.com
;bkstaff@sullivanhill.com;stephens@ecf.courtdrive.com;Hawkins@sullivan
hill.com

ELIZABETH E. STEPHENS on behalf of Plaintiff WILLIAM A.
LEONARD, JR.
stephens@sullivanhill.com,
rudolph@sullivanhill.com;hill@sullivanhill.com;dabbieri@sullivanhill.com
;bkstaff@sullivanhill.com;stephens@ecf.courtdrive.com;Hawkins@sullivan
hill.com

ELIZABETH E. STEPHENS on behalf of Trustee WILLIAM A.
LEONARD
stephens@sullivanhill.com,
rudolph@sullivanhill.com;hill@sullivanhill.com;dabbieri@sullivanhill.com
;bkstaff@sullivanhill.com;stephens@ecf.courtdrive.com;Hawkins@sullivan
hill.com

AMY N. TIRRE on behalf of Interested Party LIPPES MATHIAS
WEXLER FRIEDMAN LLP
amy@amytirrelaw.com, admin@amytirrelaw.com

U.S. TRUSTEE - RN - 7
USTPRegion17.RE.ECF@usdoj.gov

HOWARD J WEG on behalf of Debtor PAUL A. MORABITO
hweg@hjwadvisor.com

MARK M. WEISENMILLER on behalf of Creditor BERRY-HINCKLEY
INDUSTRIES
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Creditor JH, INC.
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Creditor MARYANNA HERBST
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Defendant BERRY-HINCKLEY INDUSTRIES
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Defendant BERRY-HINCKLEY INDUSTRIES,
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Defendant JH, INC.
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Defendant EDWARD J. HERBST
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Defendant JERRY HERBST (DECEASED)
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Defendant MARYANNA HERBST
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Defendant TIMOTHY P. HERBST
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Defendant TROY D. HERBST
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Interested Party BERRY-HINCKLEY INDUSTRIES
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Interested Party JH, INC.
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Interested Party JERRY HERBST (DECEASED)
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Petitioning Creditor BERRY-HINCKLEY INDUSTRIES
mweisenmiller@gtg.legal, bknotices@gtg.legal

MARK M. WEISENMILLER on behalf of Petitioning Creditor JH, INC.
mweisenmiller@gtg.legal, bknotices@gtg.legal

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

1    MARK M. WEISENMILLER on behalf of Petitioning Creditor
MARYANNA HERBST

2    mweisenmiller@gtg.legal, bknotices@gtg.legal

3    MARK M. WEISENMILLER on behalf of Plaintiff BERRY-HINCKLEY
INDUSTRIES

4    mweisenmiller@gtg.legal, bknotices@gtg.legal

5    MARK M. WEISENMILLER on behalf of Plaintiff JH, INC.
mweisenmiller@gtg.legal, bknotices@gtg.legal

6

7    MARK M. WEISENMILLER on behalf of Plaintiff MARYANNA
HERBST

8    mweisenmiller@gtg.legal, bknotices@gtg.legal

9    MARK M. WEISENMILLER on behalf of Special Counsel GARMAN
TURNER GORDON

10    mweisenmiller@gtg.legal, bknotices@gtg.legal

11    MARK M. WEISENMILLER on behalf of Trustee WILLIAM A.
LEONARD

12    mweisenmiller@gtg.legal, bknotices@gtg.legal

13    GILBERT B, WEISMAN on behalf of Creditor AMERICAN EXPRESS
CENTURION BANK

14    notices@becket-lee.com

15    GILBERT B, WEISMAN on behalf of Creditor TOYOTA MOTOR
CREDIT CORPORATION

16    notices@becket-lee.com

17    RICHARD D WILLIAMSON on behalf of Defendant OPPIO RANCHES,
LLC

18    rich@nvlawyers.com,
teresa@nvlawyers.com;eileen@nvlawyers.com;kim@nvlawyers.com;stefan

19    ie@nvlawyers.com

20    ___X___ by placing an original or true copy thereof in a sealed envelope, with sufficient postage
affixed thereto, in the United States mail at Reno, Nevada, addressed to:

21

22            BMW FINANCIAL SERVICES NA, LLC
C/O ASCENSION CAPITAL GROUP

23            4515 N. Santa Fe Avenue
Oklahoma City, OK  78118-7981

24

25            BMW FINANCIAL SERVICES NA, LLC DEPARTMENT
ASCENSION CAPITAL GROUP

26            4515 N. Santa Fe Avenue
Oklahoma City, OK  78118-7981

27    JOHN P. DESMOND on behalf of Defendants BERRY-
HINCKLEY INDUSTRIES, JH, INC., MARYANNA HERBST,

28    Interested Parties EDWARD J. HERBST, TIMOTHY P. HERBST,

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

27

TROY D. HERBST
100 W. LIBERTY STREET, SUITE 940
RENO, NV 89501

SCOTT F. GAUTIER on behalf of Debtor PAUL A. MORABITO
2029 CENTURY PARK EAST, STE 3100
LOS ANGELES, CA 90067

DAVID R. HOUSTON
LAW OFFICE OF DAVID R. HOUSTON
432 COURT STREET
RENO, NV 89501

LEWIS AND ROCA LLP
3993 HOWARD HUGHES PKWY, STE 600
ATTN: ROB CHARLES
LAS VEGAS, NV 89169-5996

PAUL A. MORABITO
370 LOS OLIVOS
LAGUNA BEACH, CA 92651

PAUL A. MORABITO
668 NORTH COAST HWY STE 1253
LAGUNA BEACH, CA 92651-1513

JAMES S PROCTOR
200 RIDGE STREET
RENO, NV 89501

SIOBHAN K RAY on behalf of Defendants JACKSON HOLE
TRUST COMPANY, EDWARD BAYUK,
K&L GATES, LLP
1000 MAIN ST, STE 2550
HOUSTON, TX 77002

RECOVERY MANAGEMENT SYSTEMS CORPORATION
25 S.E. SECOND AVENUE
INGRAHAM BUILDING, SUITE 1120
MIAMI, FL 33131-1605

SULLIVAN HILL LEWIN REZ & ENGEL on behalf of Plaintiff
WILLIAM A. LEONARD, JR.
228 SOUTH FOURTH STREET, FIRST FLOOR
LAS VEGAS, NV 89101

Robison, Sharp,
Sullivan & Brust
71 Washington St.
Reno, NV 89503
(775) 329-3151

SULLIVAN HILL REZ & ENGEL on behalf of Trustee WILLIAM
A. LEONARD
228 SOUTH FOURTH STREET, FIRST FLOOR
LAS VEGAS, NV 89101

VIRSENET, LLC
C/O 8581 SANTA MONICA BLVD. #708
WEST HOLLYWOOD, CA 90069

MICHAEL A. WALLIN on behalf of Interested Party EDWARD
BAYUK
WALLIN & RUSSELL LLP
26000 TOWNE CENTRE DR, STE 130
FOOTHILL RANCH, CA 92610

MICHAEL A. WALLIN on behalf of Plaintiffs BERRY-
HINCKLEY INDUSTRIES, JH, INC.
WALLIN & RUSSELL LLP
26000 TOWNE CENTRE DR, STE 130
FOOTHILL RANCH, CA 92610


DATED:  This 15th day of December, 2020.



/s/  V. Jayne Ferretto
Employee of Robison, Sharp, Sullivan & Brust